## E. I. DU PONT DE NEMOURS & COMPANY *v.* GREEN

[No. 17,418. Filed November 16, 1945.]

Fox & Fox, of Jeffersonville, for appellant.

George W. Miles, of Madison, for appellee.

CRUMPACKER, P. J.—It is conceded by all parties to this litigation that on March 31, 1943, the appellee was in the employ of the appellant and on said day met with an accidental injury arising out of and in the course of such employment, of which accident the appellant had notice and in connection with which it furnished the medical attention required by law. Upon hearing the appellee's application for compensation under the provisions of the Workmen's Compensation Act, the Industrial Board found that the injury so suffered by the appellee "consisted of certain burns about the face and one of the hands of the plaintiff" as the result of which he became temporarily totally disabled on June 22, 1943, and has since continuously so remained. An appropriate award was entered which this appeal challenges as being contrary to law.

There was some conflict in the evidence in relation to the nature of the appellee's injuries, the evidence of the appellee tending to prove that he was thrown down by the force of an explosion of smokeless powder in the room in which he was working and struck the back of his head violently against the cement floor, while the evidence of the appellant tends to prove that the powder in question, being unconfined, did not explode but merely burned with a sudden flash as the result of which the appellee was burned in a minor degree about the face and one hand. Where the truth lay in this respect was exclusively within the province of the Industrial Board to say and when it

found that the injury suffered by the appellee as the result of the accident in question "consisted of burns about the face and one of the hands of the plaintiff" we must accept that finding as definitely fixing the character of injury with which we are to deal.

It is undisputed that the burns in question healed within a week or two, leaving no scar or physical impairment of the parts involved. The evidence most favorable to the board's award indicates that since the accident the appellee has become afflicted with a severe nervous disorder and whose general condition may be described as follows: He is sparse, well developed and nourished, with a facial expression evidencing anxiety and apprehension. His skin is normal in texture, cool and moist. His hands and feet are cold and drip perspiration. Muscle tone and strength are within normal limits, although usually held tense throughout the body. There is a fine tremor of the jaw and the extended fingers. The cranial nerves are intact and there is no involuntary oscillation of the eye balls and both eye grounds are normal. The Gordon-Holmes, Hoffman and Babinski signs are negative but the Romberg sign is positive. He falls backward when his eyes are closed but is able to right himself before his fall is complete. Finger to nose and heel along shin maneuvers are carried out in a normal manner and his walk or gait is normal with the eyes open but very uncoordinated with the eyes closed. When walking with his head elevated he tends to stagger and he seems to be extremely hypersentive to touch over the entire body. All objective symptoms of nervous trouble are exaggerated and bizarre in relation to recognized neurological tests. There is no substantial evidence anywhere in the record that he is suffering from any injury or organic disease of the central or peripheral nervous system and in the

opinion of several neurologists who testified he is the victim of a neurosis of the functional type.

It is our opinion that when a purely mental condition known as a neurosis is shown by competent evidence to be the direct result of a physical injury sustained by an employee arising out of and in the course of the employment and which neurosis, through functional disturbances of the nervous system, disables the employee from working at his former occupation, he has suffered a compensable injury under the terms of the Indiana Workmen's Compensation Act. Schneider Workmen's Compensation Law, 2nd Ed., Vol. 1, § 346, and cases cited.

It was quite generally agreed among the doctors who testified that the symptoms or physical manifestations of a nervous disorder exhibited by the appellee might be successfully simulated and, when recognized and authentic tests indicate no organic trouble, it is sometimes difficult to determine between a malingerer and a true neurotic. The appellant insists that the evidence conclusively discloses that the appellee's present condition is wholly simulated and having been fully compensated for his burns—the only physical injury he suffered—he is not entitled to further compensation. The Industrial Board, which is the exclusive trier of the facts, took a different view of the case however and unless the evidence is so conclusive in its nature that reasonable men could come to no other conclusion than that the appellee is malingering as to his present condition, the board's finding must stand. In our opinion the record presents no such situation. Dr. L. D. Carter, whose special field is nervous and mental diseases, after a complete and thorough examination which he fully describes in his testimony, positively stated that in his opinion the appellee is not malingering. No

expert expressed a contrary opinion. The nearest approach to such a statement is the testimony of several witnesses to the effect that appellee's symptoms could be simulated and the testimony of Dr. Franklin Jelsma that "every time he tapped on his patellar reflex patient jumped all around on the table, his leg would jump, body would twist and pull and the arm fly up. It is distinctly a volitional reaction that patient is making for some reason or other. It is not a reflex." On this state of the record we hold that the question as to whether the appellee is a malingerer or a neurotic was a question of fact for the board and not one of law for us.

In connection with this question the appellant asserts a unique contention. It says that the testimony of five expert neurologists was by deposition and, being in writing, we can judge the probative force and effect of such testimony as well as the Industrial Board and this we should do in exercise of our inherent power and having done so we must necessarily come to the conclusion that the award of the Industrial Board is not such as the justice of the case requires. As authority for this procedure we are referred to *State ex rel.* v. *Board, etc.* (1905), 165 Ind. 262, 74 N. E. 1091. That was an injunction suit and the court held that the cause, being of exclusive equitable jurisdiction, belonged to that class of cases in which the court may, by virtue both of statute and its inherent power, review the facts as well as the law. The case at bar is neither of exclusive equitable jurisdiction nor is the testimony all in writing. Much of it was oral and differed materially, in reference to the appellee's physical condition, from that contained in the depositions. It has been repeatedly held that when the finding of the trial court is based to any extent on oral testimony, an appellate

tribunal will not weigh the evidence. *Barnes v. Stock* (1912), 51 Ind. App. 640, 100 N. E. 98; *Fuller v. Fuller* (1913), 52 Ind. App. 488, 100 N. E. 869; *State Exchange Bank v Paul* (1915), 58 Ind. App. 487, 108 N. E. 532. Furthermore we must keep in mind that this appeal is governed by § 40-1512, Burns' 1940 Replacement, which provides: "An award by the full board shall be *conclusive and binding as to all questions of (the) fact,* but either party to the dispute may, within 30 days of the date of such award appeal to the Appellate Court for *errors of law* under the same terms and conditions as govern appeals in ordinary civil actions." (Our emphasis.)

This leaves for our consideration the question as to whether there is any substantial evidence tending to establish a causal connection between the accident on March 31, 1943, in which the appellee admittedly suffered minor burns, and his present neurotic condition. We find evidence that before the accident he never had shown any of the symptoms of nervous trouble which he now exhibits. Dr. Carter gave it as his opinion that the symptoms and signs he discovered when he examined the appellee were connected with the injury of March 31, 1943. Dr. C. K. Hepburn testified: "He is suffering from a profound emotional disturbance which was apparently precipitated by an explosion while at work in the employ of E. I. du Pont de Nemours & Company." We consider this evidence sufficient to support a finding of causal connection between the accident and the injuries of which the appellee now complains.

Finding no error the award is affirmed with statutory increase.

NOTE.—Reported in 63 N. E. (2d) 547.