## TEXAS INDEMNITY INS. CO. v. HOOD.
### No. 11706.

Court of Civil Appeals of Texas.
San Antonio.
May 14, 1947.

Rehearing Denied June 11, 1947.

Kleberg, Eckhardt, Mobley & Roberts and M. Harvey Weil, all of Corpus Christi, for appellant.

Phillips, Horton & Smith, of Corpus Christi, for appellee.

NORVELL, Justice.

This is a workmen's compensation case. The insurance carrier has appealed.

The trial judge made the following findings of fact and conclusions of law:

"Findings of Fact.

"I find as a matter of fact:

"1. Owen B. Hood, plaintiff, acting in the course of his employment as an employee of Montgomery Ward & Company, Corpus Christi, Texas, on the 15th day of December, 1945, sustained an injury to his left foot and to his right elbow.

"2. For a period of four weeks, as a result of these injuries, plaintiff was totally disabled; by this time, however, plaintiff had developed, as a proximate result of such injuries, a neurosis by reason of

which he was totally disabled up to this date, that is, November 25, 1946.

"3. Plaintiff will suffer further disability, by reason of said neurosis, to the extent of 75 per cent of total disability for a period of six months subsequent to November 25, 1946.

"Conclusions of Law.

"I conclude as a matter of law:

"1. Plaintiff's disability, caused by neurosis, naturally arising from and proximately caused by his physical injuries is compensable under the Workman's Compensation Law.

"2. Plaintiff is entitled to receive Workman's Compensation for total disability from the date of the injuries, that is, December 15, 1945, to November 25, 1946, and for 75 per cent of total disability for six months after this date."

Appellant filed requests for further findings and conclusions, among them being: "That the neurosis developed by Plaintiff was not a proximate result of any injury received while Plaintiff was acting in the scope of his employment at Montgomery-Ward and Company, Corpus Christi, Texas."

The trial judge filed the following additional findings and conclusions:

"I. The Court finds that plaintiff did not receive any broken bones or any nerve injury to the right foot or left elbow.

"II. The Court finds that plaintiff's physical injuries to the left foot and right elbow consisted only of flesh wound and severe contusion, which were disabling for a period of four weeks from December 15, 1945.

"III. The Court finds that after said four weeks period from the date of the injury plaintiff suffered no disability from the physical injury to his left foot and right elbow other than neurosis resulting therefrom and which is disabling.

"IV. The Court finds plaintiff's neurosis is in part influenced by an unconscious desire for compensation, and after termination of this litigation he will begin to improve.

"V. Defendant's said request for findings of fact and conclusions of law, except as found in the original findings of fact and conclusions of law, and as found in these additional findings of fact, are refused; to which the defendant excepts."

■ In our opinion, the evidence shows conclusively that appellee's injury as a matter of law was not the producing cause of appellee's disability, in so far as its persistence beyond a four weeks' period is concerned. The trial court erred in overruling appellant's requested finding, hereinabove set out.

Appellee did not by his pleading seek a recovery by reason of neurosis. The element was injected into the case by appellant's expert, Dr. William B. Cline, a specialist in neurosis and psychiatry, who had made a medical examination of appellee and in detailing the results of said examination expressed the opinion that Hood was suffering from neurosis. The testimony of no other witness is relied upon as supporting the neurosis theory, and support for the trial court's findings and conclusions relating thereto must be found, if at all, in Dr. Cline's testimony.

Dr. Cline found a zone of anesthesia on the margin of Hood's foot within the sole. He found upon re-examination that this anesthesia zone shifted from place to place, which indicated that it wasn't due to organic nerve disorder, but was an hysterical condition of mental origin. "If the nerves were injured any resulting anesthesia would be very definite and wouldn't change about and wouldn't have that distribution in the first place." The witness stated that Hood's inability to perform his ordinary tasks was not for reasons of organic injury, but due to his mental state.

Upon cross-examination, the witness stated:

"Q. Well, do you think there is any connection between his injury and the neurosis that he has? A. The simplest inference is that the neurosis arises from the injury. * * *

"Q. Now, is there any indication at this time he will ever recover from this neurosis to the extent that he will be able to do and perform manual labor? A. I believe that he will.

"Q. Well now, that is fine, and I would like to have your basis for that opinion? A. The first thing I base that on is my experience with other similar cases. These things are unconsciously developed. It is true that it is quite possible for a person to have the symptoms and they are unconscious rather than conscious.

"Yes sir. A. He is accelerating his disability for a purpose. I think that he will recover quite promptly when a settlement is made. That is the usual history of such cases. And by that I don't mean he is consciously malingering; he is unconsciously doing it, but the result is the same."

The witness further testified that in his opinion Hood's recovery would be prompt after the settlement of his workmen's compensation claim; "in cases of this nature, a few weeks or months."

The trial judge then asked the following question and received the following reply:

"The Court: You think, you have been a little vague about how long it might be after conclusion of the case—do you think six months or a year? A. I will—I would say within six months he will be perfectly all right."

It appears that all injury to the physical and nervous structure of Hood's foot and arm had healed and had been fully repaired within a period of four weeks after December 15, 1945. Although in Dr. Cline's opinion Hood was not consciously malingering, the persistence of disability beyond the four weeks' period was induced by the fact that Hood was prosecuting a claim under the Workmen's Compensation Law. The period of his continued disability and the consequent extent of the claim was solely dependent upon the date of the settlement of the claim. This is made clear by the fact that the amount of the award set forth in the judgment was based solely upon evidence adduced by the trial judge in his questioning of Dr. Cline as a witness.

■ We have been cited to no case which we consider in point upon the peculiar facts disclosed by the record before us. We hold, however, that compensation can not be awarded for a period of disability continuing after all physical and nervous damage to the structure of the body has been repaired, which persists solely because of the existence of a claim under the Workmen's Compensation Act. Vernon's Ann.Civ.St. art. 8306 et seq.

The judgment of the trial court is reformed so as to reduce the amount awarded appellee to $69.24 (four weeks' compensation) together with interest thereon at the rate of six per cent per annum from December 29, 1945, until paid.

As reformed, the judgment is affirmed.

On Motion for Rehearing.

■ Upon rehearing, appellee again cites cases from other states upholding awards based upon a neurotic condition following injury. In re Hunnewell, 220 Mass. 351, 107 N.E. 934; Holobinko v. Moshannon Smithing Co., 145 Pa.Super. 489, 21 A. 2d 440; E. I. Du Pont De Nemours & Co. v. Green, Ind.App., 63 N.E.2d 547. Our decision is not based upon the same point as the cases cited. Assuming that a neurosis is compensable, before an award can be based thereon there must be some evidence of the probable duration of disability caused thereby. Dr. Cline's testimony is that, except for appellee's claim under the Workmen's Compensation Law, appellee's disability would have terminated when the physical injury was healed. The sole cause of the continuing disability is the existence of the claim. Dr. Cline was the only witness whose testimony affords any basis for the estimate of the duration of neurotic disability. We do hold that disability, purely neurotic in nature, the continued duration of which is solely caused by the existence of a claim under the Workmen's Compensation Act, is not compensable under said Act.

■ Appellee says that this case has not been fully developed and should be remanded for new trial. As pointed out in the original opinion, neurotic disability was not pleaded by appellee. Consequently, it is inferable that neither side was prepared to develop and try a neurosis case. One witness, Dr. Cline, without objection from either party, raised the issue and was the only witness that testified thereto. Under his testimony, we hold appellee can not

recover as and for neurotic disability. The case is undeveloped in the sense that it is possible that other witnesses could be secured who might support the unpleaded theory of recovery based upon neurotic disability, but we do not believe a remand should be awarded for that reason. We must assume that upon a trial the parties are ready to try the issues raised by the pleadings, and that if further issues are tried by acquiescence, that the parties are likewise ready to try such issues.

The motion for rehearing is overruled.