## HUGHES *v.* CUNEO PRESS OF INDIANA.

[No. 1167A91. Filed May 20, 1968. No petition for rehearing filed.]

*William R. McCain, George A. Hopkins* and *McCain & Hopkins,* of counsel, of Kokomo, for appellant.

*Richard W. Guthrie* and *Stewart, Irwin, Gilliom, Fuller & Meyer,* of counsel, of Indianapolis, for appellee.

PRIME, J.—This is a proceeding brought by Glen L. Hughes for compensation under the Workmen's Compensation Act.

Appellant filed a claim on Form 9 before the Industrial Board alleging an injury arising out of and in the course of his employment which occurred on April 29, 1965. Without filing an answer, the appellee denied that appellant had suffered

such injury in the course of his employment. A hearing was held before a Hearing Member. At the conclusion of appellant's evidence a motion by the appellee to dismiss was sustained by the Hearing Member.

On appeal to the Full Board the evidence was reviewed and the decision of the Hearing Member was sustained and the application was dismissed. This appeal followed. We sustain the decision of the Board.

The appellant in his brief sets out in summary that he was lifting magazines from a press and stacking them on a table. That he felt a pain in his back and had to leave his job and go home.

The only medical testimony in the case is reference to a letter from a physician. This letter is not in the brief and this court is unable to ascertain the extent of the injury or the full facts surrounding the occurrence.

We cannot determine from the evidence and the finding the exact reason for the action dismissing appellant's Form 9. The appellant has the burden of demonstrating reversible error and this he has not done here. An award by the Board shall be conclusive and binding as to all questions of fact, and when sustained by any competent evidence, is conclusively binding in the Appellate Court. *Magazine* v. *Shull, et al.* (1945), 116 Ind. App. 79, 60 N. E. 2d 611; *Du Pont etc.* v. *Green* (1945), 116 Ind. App. 283, 63 N. E. 2d 547.

There is insufficient evidence set out in appellant's brief for this court to say as a matter of law that the Board should have reached a decision contrary to that appealed from. Rules of the Supreme Court of Indiana Rule 2-17 (f).

Judgment affirmed.

Carson, C. J., Cooper and Faulconer, JJ., concur.

NOTE.—Reported in 236 N. E. 2d 839.