**John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky and Custodian of the Special Fund, Appellant,**

**v.**

**Oldron A. McDONALD et al., Appellees.**

**COMMONWEALTH of Kentucky DEPART-MENT OF HIGHWAYS, Appellant,**

**v.**

**Oldron A. McDONALD et al., Appellees.**

Court of Appeals of Kentucky.

May 12, 1972.

Gemma M. Harding, Louisville, for Commissioner of Labor.

B. M. Westberry, Marion, for appellee Oldron A. McDonald.

James D. Robinson, Paducah, for appellee Commonwealth of Kentucky.

Carl T. Miller, Jr., and James D. Robinson, Dept. of Highways, Frankfort, for appellant Department of Highways.

CULLEN, Commissioner.

The Workmen's Compensation Board awarded compensation to Oldron A. Mc-

Donald for total permanent disability, found to have resulted entirely from the arousal into disabling reality of the pre-existing, dormant, nondisabling disease of coronary atherosclerosis. McDonald was in the employ of the Kentucky Department of Highways when he became disabled. The board directed that all of the compensation be paid by the Special Fund but that the employer pay the medical expenses. On appeal to the circuit court by the Special Fund and the employer, judgment was entered upholding the award of compensation for total permanent disability but directing that responsibility for payment of the compensation be apportioned, 40 percent to the employer and 60 percent to the Special Fund.

Both the employer and the Special Fund have appealed from the circuit court judgment. Their primary contention is that McDonald was not entitled to any compensation because his disability was not shown to have been caused by accident or by an occupational disease, but was simply the result of normal advancement of the pre-existing disease. We believe the contention is correct.

According to the medical evidence, coronary atherosclerosis is a condition in which the coronary arteries are narrowed by reason of which there is an impairment of blood flow to portions of the heart muscles. The medical experts were in agreement that McDonald's *disability* is attributable to angina pectoris, which they said is chest pain that occurs when the heart does not get enough blood at the moment through the coronary vessels, and is a *symptom* and is not in itself a disease.

McDonald first experienced angina pectoris on a day when he was engaged in a strenuous type of work and had put in some overtime hours. It is the recurrence of that pain, when he re-exerts himself, that disables him.

The difficulty with McDonald's case is that there is no probative evidence of an *injury by accident,* without which (there being no contention that angina pectoris is an occupational disease) there can be no liability on the employer or the Special Fund. No doctor undertook to say that anything about McDonald's work *injured* him; or that the atherosclerosis was lighted up or aroused by further restriction of the arteries resulting from exertion; or that there was any *damage* attributable to a work-connected event. The substance of the medical testimony is simply that McDonald's atherosclerosis had advanced to such a stage that exertion caused disabling *pain*—that the atherosclerosis had progressed to the stage that *it* was disabling because McDonald could no longer work without suffering pain. Admittedly the work results in pain, but the underlying cause is the condition of the arteries, which was not changed in any way by McDonald's work.

This case is clearly distinguishable from the heart attack cases, because in those cases the attack itself caused physical damage to the heart or the blood vessels, so there was an *injury* by accident. In the instant case there was no proof of injury or accident; the disease simply had developed to the point where it produced disabling pain upon exertion.

While one doctor undertook to express the opinion that 40 percent of McDonald's disability was attributable to the stress and strain on his last day of work, the doctor did not identify any *injury* that was caused by the stress and strain, nor did he say that the pain which McDonald continues to suffer whenever he exerts himself, thus rendering him disabled, is attributable to the particular exertion on the last day of work.

McDonald was not entitled to compensation because there was no showing of injury by accident.

The judgment is reversed with directions to enter judgment remanding the case to the Workmen's Compensation Board for the entry of an order denying McDonald's claim for compensation and medical expenses.

All concur.