James R. YOCOM, Commissioner of Labor, etc., Appellant,

v.

Mark Allen GIBBS et al., Appellees.

No. 74–894.

Court of Appeals of Kentucky.

Feb. 21, 1975.

Thomas L. Ferreri, Dept. of Labor, Louisville, for appellant.

J. David Borders, Buel L. Cox, Louisville, for Mark Allen Gibbs.

Stuart E. Alexander, Louisville, for Jewish Hospital.

REED, Chief Justice.

The 1972 General Assembly amended KRS 342.120. The amendment was effective January 1, 1973. In June, 1973, Mark Allen Gibbs injured his back in a work-connected accident. When he filed his claim for compensation, the Special Fund was made a party because there was evidence that at the time of his injury he had a dormant condition, spondylolisthesis, which might have been aroused into disabling reality by reason of the subsequent injury.

From conflicting medical evidence, the board found that Gibbs had sustained 20% permanent partial disability, one-half of which was attributable to arousal of dormant spondylolisthesis. The board determined that Gibbs' employer should bear responsibility for payment of 10% permanent partial disability and that the Special Fund should bear ultimate responsibility for 10% permanent partial disability.

The Fund appealed to the circuit court, where it claimed that the employer should be responsible for payment of the entire award. The circuit court upheld the board's decision. Thereupon, the Fund appealed to this court. In the context of the facts presented, we agree with the judgment of the circuit court.

The Fund seeks our interpretation of the significance of the legislature's amendment of KRS 342.120, the statute specifying the circumstances necessary for the apportionability of ultimate liability for the payment of an award between the employer and the Fund.

Prior to the 1972 amendment, KRS 342.-120(1)(b), concerning one situation of apportionable liability, read: "The employee is found to have a dormant nondisabling *disease condition* which was aroused or brought into disabling reality by reason of a subsequent compensable injury by accident or an occupational disease." KRS 342.120(4) also read in pertinent part: "The remaining compensation for which such resulting condition would entitle the employe, including any compensation for disability resulting from *a dormant disease* aroused into disabling reality by the injury or occupational disease, . . ." (italics supplied).

The 1972 amendment made the following changes in language and KRS 342.-120(1)(b) now reads: "The employe is found to have a dormant nondisabling *disease or condition* which was aroused or brought into disabling reality by reason of a subsequent compensable injury by accident or an occupational disease." KRS 342.120(4) now reads: "The remaining compensation for which such resulting condition would entitle the employe, including any compensation for disability resulting from a *dormant disease or condition* aroused into disabling reality by the injury or occupational disease, . . ." (italics supplied).

Prior to the amendment, this court read the words "disease condition" to mean a condition caused by disease. It also construed this statutory term "disease" to have been used in its ordinary and usual meaning rather than in a technical and scientific sense. Thus, Young v. City Bus Company, Ky., 450 S.W.2d 510 (1970), declared that a degenerative intervertebral disc was not in itself a disease condition for which the Fund was liable. In Appalachian Regional Hospitals, Inc. v. Brown, Ky., 463 S.W.2d 323 (1971), the court expressly held that spondylolisthesis was not a "disease condition" within the statutory expression and that the Fund was not responsible for compensation due by reason of the presence of that condition.

The court reasoned in these cases that subsequent injury claim funds existed pri-

marily for the encouragement of employment of obviously handicapped workers and that the concept of allowing the employer to pass off partial responsibility to a fund composed of the contributions of all employers where the obviously handicapped worker suffered a work-connected injury was sufficiently strained by the imposition of partial responsibility on the pool fund for arousal of dormant "diseases" that it must have been the intent of the legislature not to further expand the right of the employer to pass off his liability where the injured worker's condition was a mere unobservable deviation from the norm, or was a natural aging process. In such instances, the worker was not penalized because the employer was responsible for the entire award. Influenced by these general principles, which are common to most workmen's compensation laws in the nation, and by the express statutory language, we construed "disease condition" to exclude spondylolisthesis, a congenital condition of the spine which often lies dormant and nondisabling until aroused by injury or by activity.

The Fund in its excellent and exhaustive brief makes persuasive argument that it should not bear financial responsibility in this instance. It asserts that the change in language effected by the 1972 amendment will probably have disastrous financial consequences so far as its solvency is concerned. It also argues the inconsistency with general principles of workmen's compensation acts created by allowing the individual employer to transfer liability under many conceivable situations where the social policy of the act would require the employer to bear the loss. The Fund urges that we rewrite the amendment by substituting "and" for "or" in the phrase "disease or condition."

We feel bound to regard these arguments and assertions as relevant only to the wisdom of the legislative change and to the inadvisability of the policy effected by the amendment. These matters are not for the determination of the courts, particularly where the legislature, chargeable with full knowledge of an existing construction of statutory language, deliberately changes that language and thereby legislates in a field which is within its constitutionally protected province. We are therefore bound to effectuate the clearly expressed legislative will.

We need not explore in this case the construction of the use of the unqualified word "condition" as it may be relevant in other compensation situations. We are satisfied that the legislature changed the language of the statute at least to reverse the results of such cases as *City Bus Company* and *Brown*. The pertinent amendment language requires that when the board finds that "the condition" is a dormant one aroused into disabling reality by subsequent injury or occupational disease, the employer can, to the extent otherwise permitted by statute, shift partial responsibility to the Fund even though the condition is not caused by "disease" according to the ordinary meaning of that word as contrasted with a technical or scientific definition of the word. Spondylolisthesis falls within this covered category.

The judgment is affirmed.

REED, C. J., and CLAYTON, JONES, LUKOWSKY, PALMORE and STERNBERG, JJ., sitting.

All concur.