WALTER L. PARKS *v.* SHELLER-GLOBE CORPORATION, HARDY DIVISION

[No. 2-478S114. Filed September 13, 1978. Rehearing denied October 11, 1978.]

*James E. Sandifer, Graber & Sandifer*, of Indianapolis, for appellant.

*Richard W. Guthrie, Stewart, Irwin, Gilliom, Fuller & Meyer*, of Indianapolis, for appellee.

ROBERTSON, J.—Plaintiff-appellant Walter L. Parks (Parks) seeks review of an award by the Full Industrial Board (Board) which denied compensation for permanent total disability and granted recovery for temporary total disability allegedly resulting from an accident while employed by Sheller-Globe Corporation (Sheller-Globe). The only issue presented for our consideration on appeal is whether the award is contrary to law.

It is a familiar maxim that this Court will not disturb the Board's findings "unless the evidence is undisputed and leads conclusively to a result contrary to that reached by the Board." *Burton v. General Motors Corp.* (1977), 172 Ind.App. 263, 360 N.E.2d 36, 38. Because we believe the evidence as properly construed compels a conclusion contrary to that of the Board, we reverse.

The parties stipulated that on February 19, 1974, Parks suffered a compression fracture of the L-3 vertebra in an accident arising out of and in the scope of his employment with Sheller-Globe. The Board found

as fact that the injury was the catalyst in activating a pre-existing dormant condition of multiple myeloma, a form of plasma cell leukemia. The Board further found that Parks's condition worsened, that he was unable to resume work, and that the only medical witness testified Parks was permanently and totally disabled.

Nevertheless, the Board awarded temporary total disability upon the basis that in the absence of the multiple myeloma condition, the compression fracture might have healed, and Parks could have returned to work within six months. Additionally, the Board stated that in a "normal individual" such an accident "would probably have not caused the [compression] fracture."

The liability of an employer, however, is not limited to injuries which physically and mentally perfect employees would sustain in similar accidents; rather, he is bound to take employees as he finds them. *Goodman v. Olin Matheison Chemical Corp.* (1977), 174 Ind.App. 396, 367 N.E.2d 1140, 1146. This Court has consistently held that when an employee is physically more susceptible to injury, as long as the susceptibility is not an "impairment or disability" in and of itself, he may recover for the full extent of his injuries which are precipitated by an otherwise compensable industrial accident. *Bethlehem Steel Corporation v. Cummings* (1974), 160 Ind.App. 160, 162, 310 N.E.2d 565, 567; *Delaware Machinery & Tool Company v. Yates* (1976), 170 Ind.App. 6, 351 N.E.2d 67, 72; *Goodman v. Olin Matheison Chemical Corp., supra,* at 1146.

Analogous to the case at bar is *Noble County Highway Department v. Sorgenfrei* (1975), 163 Ind.App. 81, 321 N.E.2d 766, wherein an employee suffered vertebral and pelvic fractures which triggered a latent "myeloproliferative disease with questionable transformation to myelogenous leukemia," causing the employee's death. We upheld the award of death benefits to the widow of the employee because the accident aggravated and accelerated the employee's dormant pre-existing leukemia. *Id.*, at 768. There, as here, we held that an injury otherwise compensable under the Workmen's Compensation Act entitles an employee to benefits commensurate with the total disability sustained, including the aggravation or triggering of latent pre-existing conditions. *See also Delaware Machinery & Tool*

*Company v. Yates, supra,* at 72; *Goodman v. Olin Matheison Chemical Corporation, supra,* at 1146.[1]

Since the Board specifically found that the compression fracture was *caused* by the accident of February 19, 1974, and activated and combined with Parks's affliction of multiple myeloma to result in a permanent total disability, we reverse the Board's award of temporary total disability and remand for appropriate proceedings consistent with the views stated herein.

Lowdermilk and Young, JJ., concur.

NOTE—Reported at 380 N.E.2d 110.

---

1.   Of course, this holding is inapplicable where apportionment is proper. IND. CODE 22-3-3-12. *See e.g. Goodman v. Olin Matheison Chemical Corp., supra; Bethlehem Steel Corporation v. Cummings, supra,* at 567.