**John Calhoun WELLS, Secretary, Labor Cabinet (Special Fund), Appellant,**

v.

**Hagan DAVIDSON, Martin's Department Store and Workers' Compensation Board, Appellees.**

**MARTIN'S DEPARTMENT STORE, Appellant,**

v.

**Hagan DAVIDSON and Workers' Compensation Board, Appellees.**

Court of Appeals of Kentucky.

April 5, 1985.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court June 4, 1985.

Cyril Shadowen, Labor Cabinet, Louisville, for Special Fund.

Alva A. Hollon, Jr., Hazard, for Davidson.

A.P. Gullett, III, Hazard, for Martin's.

Before HAYES, C.J., and COOPER and GUDGEL, JJ.

COOPER, Judge.

These are separate, consolidated appeals from an order of the circuit court affirming an opinion and award of the Workers' Compensation Board. That opinion found the appellee/employee to be permanently and totally disabled, and assessed all liability for his disability against the appellant, The Special Fund. On appeal, the principal issue is whether the circuit court acted correctly in ruling that the opinion and award was supported by substantial evidence of probative value and in accordance with the

provisions of KRS Chapter 342. In a separate appeal, the appellant/employer argues that the Board erred in ordering it liable for all of the appellee's present and future medical expenses. Reviewing the record below, we reverse and remand.

The facts relative to this action are as follows: On September 9, 1980, the appellee, Hagan Davidson, experienced pain in his lower back during the course and scope of his employment as an appliance salesman with the appellant, Martin's Department Store (hereinafter Martin's). The appellee continued working until September 21, at which time he was hospitalized. He was subsequently diagnosed as suffering from multiple myeloma, a form of cancer.

Subsequent to a hearing and the presentation of evidence, the Board ruled that the appellee was totally, occupationally disabled and that such was attributable to the arousal into disabling reality of a dormant, non-disabling disease or condition. KRS 342.120. Specifically, it ruled that the appellee's myeloma was "aroused or brought into disabling reality by reason of the injury at work ..." It assessed all liability for such injury against the Special Fund. It is from this opinion and award that the appellant now appeals.

As stated by the circuit court, the issue before this Court is whether the Board erred in ruling that there was substantial evidence to support a finding that the appellee's myeloma was a disease or condition *aroused* into disabling reality as a result of the work-related event of September 9, 1980.

The relevant medical testimony presented to the Board was as follows: Dr. Claude Farley, the internist who had treated the appellee since February of 1981, diagnosed his condition as multiple myeloma, defining it as follows:

... a malignancy of a kind of blood cell that we call a plasma cell. The malignant cell itself is a derivative of that plasma cell. It involves the bone marrow, the cortical bone itself, and as a result of being able to produce an abnormal protein, as that protein collects in

the body damage to internal organs can occur, specifically the kidneys are a sensitive organ sensitive to that protein.

In attempting to characterize or define a causal relationship between the appellee's disability and the work-related event of September 9, Dr. Farley stated, in part, as follows:

Well, what I think happened, in looking back over this material, particularly in review of the initial history that we got, the accident probably brought to the fore the existence of this multiple myeloma.

Similarly, Dr. Vernon Humbert, an internist who also diagnosed the appellee's condition as multiple myeloma, testified that the injury of September 9, merely brought out or made clinically apparent a pre-existing condition:

Q. Prior to the injury event and while Mr. Davidson was working and going about the regular duties of his employment, I suppose that the disease could be classified as a dormant, non-disabling, pre-existing disease condition.

A. He may very well had no symptoms at all from this disease for years before it became apparent.

Q. Would it be your opinion then that the injury event aroused it into disabling reality?

A. If making it clinically apparent is arousing it to disabling reality then yes.

A Board-appointed physician, Dr. O.M. Patrick, testified that in his opinion the appellee's myeloma was not aroused into disabling reality by the injury of September 9. And, Dr. Kooros Sajadi, an orthopedic surgeon who examined the appellee in October of 1980, diagnosed the appellee as having a 5–10 percent functional impairment to the body as a whole, 5 percent of this disability attributable to the injury of September 9, and 22 percent attributable to the arousal into disabling reality of a pre-existing dormant arthritic condition.

In reviewing the medical evidence presented to the Board, it is evident to this Court that there was an absence of sub-

stantial evidence to support a finding that the appellee's disability was attributable to the *arousal* into disabling reality of a dormant, non-disabling disease or condition. KRS 342.120. On the contrary, the testimonies of Dr. Farley and Dr. Humbert clearly established that although the appellee's myeloma was discovered, or made clinically apparent as the result of the work-related injury, there was no causal connection between the injury and the myeloma.

In his treatise, Professor Larson states in *The Law of Workmen's Compensation,* § 12.21 as follows:

> Preexisting disease or infirmity of the employee does not disqualify a claim under the "arising out of employment" requirement if the employment aggravated, accelerated, or combined with the disease or infirmity to produce the death or disability for which compensation is sought.

On the specific problem of finding a causal relationship between a work-related injury and specific types of cancer, Professor Larson states as follows in § 12.24:

> Since the rule of law stated at the beginning of this section is so widely accepted, in practice most of the problems in this area are medical rather than legal. Indeed, it is medical controversy that chiefly accounts for the large number of cases in this category. The relation between exertion and coronary thrombosis is a familiar example, with many doctors asserting that there is no connection between the two, and that the man who allegedly suffered a coronary from exertion could just as well have suffered it at home in bed. Similarly, there is controversy on the relation between trauma and the causing or spreading of cancer. Thus, Dr. Carroll J. Bellis has written that "[t]rauma as an inciting or aggravating mechanism does not have a place in cancer development, and schooled pathologists do not include injury as a mechanism by which cancer is initiated or stimulated. It will be found, then, that denials of compensation in this

category are almost entirely the result of holdings that the evidence did not support a finding that the employment contributed to the final result.

Although some courts in other jurisdictions have upheld a finding of causation between a specific cancer and a work-related injury, such decisions seem to have been predicated on the fact that the cancer was *aggravated* by the injury. *See Potenza v. United Terminals, Inc.,* 524 F.2d 1136 (2nd Cir.1975); *Parks v. Sheller—Globe Corp., Hardy Div.,* 177 Ind.App. 498, 380 N.E.2d 110 (1978). Conversely, absent such a finding of aggravation or arousal, the trend of decisions in other jurisdictions has been to deny an award when the cancer is merely *exposed* by the trauma and is not a dormant condition rendered active by it. *See Kress v. City of Newark,* 8 N.J. 562, 86 A.2d 185 (1952). In effect, such courts have held that if the injury does not aggravate a pre-existing condition but merely exposes its existence, compensation is not allowed. *See Senvisky v. Truscon Steel Div. of Republic Steel Corp.,* 168 Ohio St. 523, 156 N.E.2d 724 (1959).

In construing the language of the Workers' Compensation Act prior to the creation of the Special Fund, the courts in this jurisdiction have allowed an award of compensation to lie if a subsequent injury merely "lighted up" a dormant pre-existing condition. *See Robinson-Pettet Co. v. Workmen's Compensation Bd.,* 201 Ky. 719, 258 S.W. 318 (1924); *American Rolling Mill Co. v. Stevens,* 290 Ky. 16, 160 S.W.2d 355 (1941). Yet, from the language of such decisions, it is evident that the Courts were using the expression "lighten up" to mean aggravation, rather than mere exposure. *Cf. Old King Mining Co. v. Mullins,* Ky., 252 S.W.2d 871 (1952).

Given Dr. Farley's definition of multiple myeloma—a malignancy derivative of the plasma cells in the bone marrow—as well as his statement and that of Dr. Humbert that the work-related event merely brought to the fore or made clinically apparent the underlying myeloma—we find that the circuit court erred in affirming the opinion

and award of the Board. Although a different physician may have testified that the injury aggravated or aroused the existing myeloma into disability reality, such is not the case herein, notwithstanding the form of question posed to the physicians and their answers.

Although the appellee relies on the decision of the Court in *Yocom v. Gibbs*, Ky., 525 S.W.2d 744 (1975), such reliance is misplaced. There, the Court merely held that under the language of KRS 342.120, as amended in 1972, spondylolisthesis could be considered a compensable condition; it did not reach the issue of whether the *discovery* of the disease, as a result of a subsequent work-related injury, would constitute arousal under the language of the statute.

More on point is the decision of the Court in *Young v. McDonald*, Ky., 481 S.W.2d 41 (1972). There, an employee's claim for benefits as a result of pre-existing coronary atherosclerosis was denied, notwithstanding the fact that strenuous activity at work caused his heart disease to become symptomatic or clinically apparent. The Court ruled that if the disability is not caused by a work-related event, or caused by the work itself, it is noncompensable.

The order of the circuit court is reversed, with directions that it enter an order directing the Board to vacate its opinion and award of August 8, 1983, and to dismiss the appellee's claim. Given this ruling, the issue raised by Martin's is moot.

All concur.