**Sharon Jean HANSEN, Appellant (Plaintiff Below),**

v.

**VON DUPRIN, INC., Appellee (Defendant Below).**

No. 93S02–8705–EX–482.

Supreme Court of Indiana.

May 13, 1987.

Eugene C. Hollander, Indianapolis, for appellant.

Richard W. Guthrie, Stewart, Irwin, Gilliom, Meyer & Guthrie, Indianapolis, for appellee.

ON CIVIL PETITION TO TRANSFER

DICKSON, Justice.

In this workmen's compensation case, plaintiff-appellant Sharon Jean Hansen received a favorable decision at her hearing before a single member of the Industrial Board. The full Board overturned the award on review, and found in favor of defendant-appellee Von Duprin, Inc. The Court of Appeals affirmed. *Hansen v. Von Duprin, Inc.* (1986), Ind.App., 496 N.E.2d 1348.

We reiterate the underlying facts as summarized by the Court of Appeals. Hansen was employed by Von Duprin for several years. During that time she suffered numerous emotional and physical problems, including a gunshot wound inflicted by her former husband in 1972. Although she took several leaves of absence from work, she maintained her job and received several promotions. She had no problems at her employment until 1979, when she began to experience difficulties with her immediate supervisor, Jim Hale. Aware of Hansen's fear of guns following the 1972 shooting, Hale would often approach Hansen from behind and jab her in the ribs as if holding a gun. He would also startle her by intentionally dropping books behind her as she was working and by occasionally firing a cap gun. Hansen became increasingly nervous and agitated by his actions. She complained to a friend in management about his behavior, but apparently made no formal complaint; no action was ever taken against Hale. On October 23, 1979, Hale made a comment which Hansen cannot recall, which caused her to become hysterical. She left work and immediately saw her doctor who diagnosed her condition as severe anxiety and depressive syndrome. She remains unable to work and on February 20, 1981 sought benefits for temporary total disability by filing a Form 9 with the Industrial Board.

The full Industrial Board adopted and reiterated each of the factual findings made at the single member hearing, as follows:

That on October 23, 1979, Plaintiff left her employment with the Defendant and has not since returned to work there or elsewhere.

It is further found that Plaintiff suffers from a progressive disease process that has not been cured, since October 23, 1979; that she has a severe anxiety and depression syndrome.

It is further found that prior to September and October, 1979, Plaintiff's life experiences had been such that they contributed to her condition.

It is further found that in 1979, Plaintiff was in the employ of the Defendant, and in particular worked for a foreman who was aware of Plaintiff's then condition, was aware of Plaintiff's having been traumatized by a previous shooting of her person, and with this knowledge shot off a "cap gun" in Plaintiff's presence.

It is further found that the above shooting of the cap gun was an intentional act and upset the Plaintiff, which was the expected result; that Plaintiff suffered injury as a result of that intentional act.

It is further found that Plaintiff suffered other acts at the hand of this foreman; that the several acts caused her condition to be such that on October 23, 1979, she could not cope with the ordinary stresses of her employment, and had to leave her job on October 23, 1979.

It is further found that the Plaintiff called as one of her witnesses, Sandy Byers, who testified that in October of 1979 she was in management, and a friend of Plaintiff. That her employment with the Defendant continues, and that she relayed Plaintiff's concerns about her foreman to the proper officials in 1979.

It is further found that Plaintiff was temporarily totally disabled on October 24, 1979.

It is further found that Plaintiff has incurred medical expenses since October 23, 1979.

However, the full Board also made one additional finding not included among those of the single member hearing officer:

It is further found that there is no probative evidence of an accident as defined under the Indiana Workmen's Compensation Act.

This decision of the full Board was rendered before our recent decision in *Evans v. Yankeetown Dock Corp.* (1986), Ind., 491 N.E.2d 969, in which this Court reviewed and revised the "accident" requirement under workmen's compensation law.

The sole issue presented by Hansen on appeal is whether the full Board erred in finding no probative evidence of "accident" as defined under the Indiana Workmen's Compensation Act. On this issue, the Court of Appeals correctly observed:

IND.CODE 22-3-2-2 provides that compensation shall be paid for "personal injury or death by accident arising out of and in the course of the employment." Our supreme court has recently clarified the statutory requirement of injury by accident. In [*Evans*] the court held that the phrase "by accident" refers to an unexpected injury on a particular occasion rather than an unexpected event. * * * Hansen's resulting anxiety neuro-

sis was an unexpected injury and, therefore, fits within the definition of injury by accident.

496 N.E.2d at 1349. However, the opinion of the Court of Appeals then proceeded to review whether Hansen's injury arose out of and in the course of employment. After noting difficulties in determining a causal connection in workmen's compensation claims alleging a mental injury, Judge Young, writing for the Fourth District, concluded:

We, therefore, adopt the rule that a mental disorder is compensable under our Workmen's Compensation Act only if the disorder resulted from stress other than the day-to-day mental stresses which all employees experience.

496 N.E.2d at 1351. The opinion concluded by applying this new rule and concluding that the "horseplay evidence in Hansen's case, while unfortunate due to her sensitivity, was not the type of harassment which should have engendered severe anxiety in an employee." *Id.*

Upon this issue, the opinion of the Court of Appeals erroneously attempts to decide a new question of law and contravenes our ruling precedent in *Evans, supra.* We therefore grant transfer.

In proposing a rule limiting the compensability of mental injuries to those resulting from stresses "*other* than the day-to-day mental stresses which all employees experience," the Court of Appeals would be, in actuality, regressing to the "untoward event" standard unanimously rejected by this Court in *Evans:*

We feel that this long-standing controversy [between "untoward event" and "unexpected injury"] can be significantly reduced and perhaps eliminated by resorting to the clear and express language of the enactment. The statutory language "by accident" should be applied literally, rather than reinterpreted by inserting the article "an" as if written "by *an* accident." In this way both the statutory language and the legislative purposes will be served.

&ast; &ast; &ast; &ast; &ast; &ast;

The necessary existence of a causal connection between the injury and the employment is clearly necessary to qualify for workman's compensation benefits. [Citations omitted] However, the issue of causation may be addressed when applying the statutory term "arising out of."

\* \* \* \* \* \*

We therefore hold that the statutory term "injury or death by accident," as used in the workmen's compensation laws, means unexpected injury or death. To the extent this clarification is inconsistent with prior holdings, they are overruled.

491 N.E.2d at 974–975.

█ Whether the injury is mental or physical, the determinative standard should be the same. The issue is *not* whether the injury resulted from the *ordinary* events of employment. Rather, it is simply whether the injury arose out of and in the course of employment.

This is not to say that compensability is determined by the time of onset of an injury. The mere fact that an injury occurs at work does not, *ipso facto*, render it compensable. The nature of the injury, including an aggravation or triggering of a pre-existing injury, must be such that injury or aggravation is shown to "arise out of and in the course of employment," that is, to be causally connected with the employment.

In reviewing the Industrial Board's decision, we do not reweigh the evidence or assess witness credibility, but we will examine the findings of fact to see if they are sufficient to support the decision. If there was competent evidence of probative value to support the Board's findings, we will affirm. *Rockwell International v. Byrd* (1986), Ind.App., 498 N.E.2d 1033; *Holloway v. Madison-Grant United School Corp.* (1983), Ind.App., 448 N.E.2d 27.

In its findings, the Industrial Board expressly found that Hansen suffered injury as a result of her foreman's intentional shooting off of a "cap gun", and that this, along with several other acts of the foreman, caused plaintiff's condition to be such that she could no longer cope with the ordinary stresses of her employment.

Plaintiff presented testimony of psychiatrist James L. Shoot:

Q. Let me ask you directly, Doctor, in your professional opinion would Sharon's current medical state of being have occurred without the events of the cap gun going off, being jabbed in the ribs, books being dropped?

A. I don't believe that such symptoms would have ever developed while at work. Where the life circumstances which she was experiencing at the time continued, meaning her family life, meaning the degree of her physical functioning, and her employment continued, she would have not become disfunctional at work.

Q. Based upon your knowledge of Sharon Hansen, and the facts, the hypothetical facts I place before you in terms of the cap gun, and the book and the jabbing of the ribs, and based upon your review of other documents and the record, can you render an opinion regarding whether those events that occurred at work are directly related to her present psychological condition?

A. The events which we have characterized as harassment are responsible historically for her being unable to continue her satisfactory function and employment at Von Duprin.

Q. And, Doctor, I would ask you similarly, based upon your best professional opinion, had those events at work not transpired, would Sharon Hansen still be in the same psychological position she is today? In other words, if we could have erased the occurrences at work.

A. If we are assuming that no other significant threat or fear of harm would have occurred, then I think that her psychological condition would have allowed her to continue her employment at Von Duprin.

Q. Based upon what you know and the records you've reviewed, are you in a position to render an opinion regarding

whether those items, the cap guns, the books dropping, the rib jabbing, whether those were the specific items that placed the fear of harm in Sharon to cause her to manifest her present condition?

A. I think those are the precipitants.

\* \* \* \* \* \*

Q. And its fair to say that your opinion that her condition is not an endogenous one that would have manifested itself regardless of her environment?

A. Oh certainly not.

During cross examination, the doctor further answered:

I believe what I've said is that the harassment which she experienced at work is responsible for the significant anxiety and depression which prevented her from functioning satisfactorily at work subsequently.

Dr. Shoot's report of April 2, 1981, admitted as plaintiff's exhibit No. 2, stated: "I would say then without a doubt, that her employment with the Von Duprin Company has been a most significant contribution to her present state of anxiety."

Thus, the factual finding that plaintiff suffered injury as a result of the harassment of her at her employment, is supported by competent evidence of probative value.

The decision of the Industrial Board also included a finding that the plaintiff's life experiences had been such that they contributed to her condition. Even though an employee may have a physical condition which renders him more susceptible to being injured, he is entitled to recovery for the full extent of the injury received, *Bethlehem Steel Corp. v. Cummings* (1974), 160 Ind.App. 160, 310 N.E.2d 565. An injury otherwise compensable under the Workmen's Compensation Act entitles an employee to benefits commensurate with the total disability sustained, including the aggravation or triggering of latent pre-existing conditions. *Parks v. Sheller-Globe Corp.* (1978), 177 Ind.App. 498, 380 N.E.2d 110. In *Parks* the Court of Appeals also correctly observed:

The liability of an employer, ... is not limited to injuries which physically and mentally perfect employees would sustain in similar accidents; rather, he is bound to take employees as he finds them. *Goodman v. Olan Matheison Chemical Corp.* (1977), 174 Ind.App. 396, 367 N.E.2d 1140, 1146.

*Id.* at 500, 380 N.E.2d at 111–112.

It is our opinion that the express finding of the Industrial Board regarding the absence of accident is inconsistent with and contrary to the other findings of fact which are supported by probative evidence. The decision of the Board is reversed and remanded with instructions to grant an award consistent with its remaining findings, and with this opinion.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.