210

19000. MONTGOMERY *v.* MARYLAND CASUALTY COMPANY *et al.*

JENKINS, P. J. Under the terms of the workmen's compensation act, in order for compensation to be due, the injury to the employee must arise both out of and in the course of the employment. Neither alone is enough. *Georgia Railway & Power Co.* v. *Clore*, 34 *Ga. App.* 409, 410 (129 S. E. 799). In the instant case the deceased watchman, who, it appears from the findings of the industrial commission, was drowned while seeking to save the life of his dog which had fallen into a river, can not be said to have met his death in the performance of his duties to his master. The dog, while the personal property of the watchman, was not furnished by his employer, nor was the employee expected or required to provide a dog. A failure to have provided such an animal, or to have prevented its loss by drowning, would not, in any sense of the word, have constituted a dereliction of any actual or implied duty on the part of the employee, nor would it have resulted in any loss to his employer. Consequently the judge of the superior court did not err in sustaining the finding of the commission refusing compensation. *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 22, 1929.

*H. Mercer Jordan, Bouhan & Atkinson,* for plaintiff.
*Hartridge & Brennan,* for defendants.