## 23117. PAYTON v. FIDELITY AND CASUALTY COMPANY OF NEW YORK et al.

DECIDED OCTOBER 21, 1933.

*T. J. Lewis,* for plaintiff.

*Douglas Tucker, Lee Hutcheson,* for defendants.

SUTTON, J. The Department of Industrial Relations denied claimant compensation. She appealed from this finding to the superior court. That court affirmed the finding of the commission, and to this judgment she excepts.

1. While there was evidence which would have amply supported a finding that the claimant was injured by an accident arising out of and in the course of her employment, notwithstanding the testimony of the medical experts to the contrary (*City of Atlanta* v. *Champe,* 66 *Ga.* 659, 663; *Southern Ry. Co.* v. *Tankersley,* 3 *Ga. App.* 548, 60 S. E. 297; *London Guarantee & Accident Cor.* v. *Wallace,* 35 *Ga. App.* 571 (134, 334) ; *American Mutual Liability Ins. Co.* v. *McCarty,* 45 *Ga. App.* 483, 165 S. E. 291), the evidence did not demand such a finding, and the finding of fact of the Department of Industrial Relations that the claimant "did not sustain injuries by accident arising out of and in the course of her employment," is supported by competent evidence, and in the absence of fraud such a finding is conclusive. With respect to the sufficiency of the evidence to support it, such an award stands in this court upon the same footing as the verdict of a jury approved by the trial judge. *London Guarantee & Accident Co.* v. *Shockley,* 31 *Ga. App.* 762 (122 S. E. 99) ; *Integrity Mutual Casualty Co.* v. *Hankin,* 33 *Ga. App.* 339 (126 S. E. 554).

2. On the hearing before the single commissioner, counsel for the insurance carrier was asked if there were any admissions, and he replied as follows: "I suppose there are. She was an employee, and she was injured on August 3, and the wages were $8 per week." Counsel for claimant then stated that the wages were $10 per week, and counsel for the insurance carrier replied that he could not agree on that. The commissioner then said, "You will have to prove the wages." Claimant contends that the above was an admission by the insurance carrier that the injury to her arose out of and in the course of her employment and that the only question to be passed upon by the commissioner was whether her wages were $8 per week or $10 per week. The insurance carrier, after making such statement, immediately proceeded to introduce evidence tending to show that the claimant was not injured by reason of an accident arising out of and in the course of her employment. It is manifest that counsel for the insurance carrier did not intend the above statement to be an admission that the claimant sustained injuries arising out of and in the course of her employment. For counsel for the insurance carrier to admit that the claimant was injured on a named day is not to admit that such injury arose out of and in the course of her employment. Under these circumstances

the above admission on the part of counsel for the insurance carrier that the claimant was injured on a day named is not an admission that the injury is compensable under the workmen's compensation act. *New Amsterdam Casualty Co.* v. *Sumrell,* 30 *Ga. App.* 682 (118 S. E. 786) ; *Montgomery* v. *Maryland Casualty Co.,* 39 *Ga. App.* 210 (146 S. E. 504).

3. Applying the above rulings, the judgment of the superior court affirming the action of the full commission in affirming the award of the single commissioner will not be disturbed by this court.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*