28138. KENDRICK *v.* STATE HIGHWAY BOARD OF GEORGIA.

DECIDED MAY 1, 1940.

*Franklin & Eberhardt, B. P. Jackson,* for plaintiff.

*Lamar Murdaugh, E. B. Dykes, D. C. Chalker, C. E. Jackson,* for defendant.

GUERRY, J. This case involves the question whether the decedent was killed in an accident arising out of and in the course of his employment. His duties required that he travel the public highway. While driving his car along the highway he so operated it as to practically force another car, in which Mr. McNatt and his sister were riding, off the road and into a ditch, which conduct angered McNatt. Neither car stopped at the time, but McNatt caught the decedent in Vidalia, Georgia, drove in front of his car, and forced it to the curb. Both the decedent and McNatt got out of the cars, and McNatt struck the decedent several times, knocking him to the pavement, and then raised him up and slammed him against the pavement, causing injuries which resulted in his death. The finding of fact by the Industrial Board from this evidence submitted on the claim of the widow of the decedent, was that the conduct of the decedent in forcing McNatt off the road was the cause of the subsequent fight and death of the decedent; that such conduct on the part of McNatt was a personal matter between the two, unconnected with the employment of the decedent; and therefore that the injury did not arise *out of* and in the course of the employment. "The causative danger must be peculiar to the work, and not common to the neighborhood." *Liberty Mutual Insurance Co.* v. *Neal,* 55 *Ga. App.* 790, 801. The unlawful act of the decedent was not a part of his employment, and the personal difficulty that ensued did not necessarily arise out of his employment. We can not say that this finding was without evidence to support it. The commissioner, and the board to whom appeal was made, were authorized to find that the death was caused by the wilful act of a third person, and for reasons personal to such third person and the deceased, and from an act by the deceased unconnected with the business of the employer. It is no part of the business of the employer that a difficulty arises between an employee and a third person, concerning illegal driving of such employee. Such an act is not a part of, nor does it have a causal relation to, the business of the employer. The commissioner so found under the evidence submitted, which finding was subsequently approved by the board; and we will not disturb such finding, which has been approved by the judge. See *Scott* v. *Travelers Insurance Co.,* 49

572

*Ga. App.* 157 (174 S. E. 629) ; Code, § 114-102; *Montgomery* v. *Maryland Casualty Co.,* 39 *Ga. App.* 210 (146 S. E. 504) ; *Maryland Casualty Co.* v. *Peek,* 36 *Ga. App.* 557 (137 S. E. 121).
   *Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*