38757. INDEMNITY INSURANCE·COMPANY OF
NORTH AMERICA *et al.* v. LOFTIS.

·Decided May 12, 1961—Rehearing denied·May 31, 1961.

750

Smith, Field, Ringel, Martin & Carr, Charles L. Drew, for plaintiffs in error.

Pittman, Kinney & Pope, L. Hugh Kemp, H. E. Kinney, contra.

CARLISLE, Judge. ■ In his award the deputy director apparently concluded that the claimant's disability was largely, if not entirely, of a psychic nature. He said: "Psychic disorders have not been considered within the purview of the workmen's compensation law. *There is no evidence in the record* to indicate that the psychic complaints of the claimant *are connected* with the original accident and injury." This statement shows a basic misinterpretation of the facts and misconception of the law. The claimant was being paid compensation under an agreement entered into between him and the employer, which agreement was approved by the board and which was based on the fact that the claimant had been injured as the result of an accident arising out of and in the course of his employment. Such an agreement is res judicata "until a new agreement is entered into between the parties or application is made for a hearing to show a 'change in condition,' or the employer shows a change in condition on a hearing held under *Code Ann.* § 114-706." *Complete Auto Transit v. Davis,* 101 Ga. App. 849 (115 S. E. 2d 482). Here the employer, without any order of the Board of Workmen's Compensation and without any authority to do so, ceased making payments under the agreement, and a hearing was requested by

the claimant under the provisions of *Code Ann.* § 114-706. Accordingly, the burden was on the employer and insurance carrier to show such a change in condition as would entitle them to an award in their favor. The applicable law was well stated by a dissenting director when the case was before the Board of Workmen's Compensation on review: "The doctor testified that it was his opinion that the claimant's difficulties were largely, if not entirely, of a psychic nature. The human body consists of bones, flesh, ligaments, and nerves, controlled by the brain. The law does not state which of these particular elements must produce the disability. If a disability exists, whether or not it is psychic or mental, if it is real and is brought on by the accident and injury, this being a humane law and liberally construed, it is nevertheless compensable." Such evidence establishes that a disability exists, and does not establish that it is a non-compensable disability, for the burden remains with the employer to show that the claimant's disability, whatever it is, is not the result of the injury. Obviously, the deputy director hearing the case, as shown by his language above quoted, was treating the burden of proof as being on the claimant to show this connection, he having stated that "there is no evidence in the record to indicate that the psychic complaints of the claimant are connected with the original accident and injury."

■ The judge of the superior court reversed this award on the ground that the insurance carrier had failed to carry the burden of proof of showing a change of condition. In doing so he placed the burden of proof where it belonged. It is not, however, the province either of the superior court or this court to reverse a case because, in the opinion of the court, a party failed to carry the burden of proof, since under the "any evidence" rule the award must be affirmed where supported by any competent evidence regardless of burden of proof. However, where an award is entered under an erroneous legal theory, it may be set aside, and the case remanded to the board for further findings. *Liberty Mut. Ins. Co. v. Simpson*, 101 Ga. App. 480 (114 S. E. 2d 141).

■ Although the judge of the superior court reversed the case for the wrong reason, being the failure of the insurance carrier to

sustain the burden of proof, instead of the correct reason, which was that the case was decided on an erroneous legal theory, yet the judgment will be affirmed if correct, regardless of the fact that it may be predicated upon an erroneous reason. Whether or not the judge in entering the judgment of reversal really meant to do so for the reason that the award was supported by no competent evidence we do not know, and whether such reason, if given, would have been sustained we need not decide. It should be observed that most, if not all of the evidence offered to show cessation of disability falls far short of the mark. The claimant's testimony showed him to be still disabled. There was no evidence that he had in fact done any work, or that work which he could do had been offered him. The very physician who testified that in his opinion the claimant was not disabled also testified that at the time of the examination on which his opinion was based he prescribed braces for the claimant. If his patient was not disabled he did not need braces; if he needed braces, he was certainly disabled to some extent. Another physician testified that the claimant was disabled, and that his disability was largely of a psychic nature.

Accordingly, the judgment of the superior court reversing the award is affirmed with direction that the case be decided on the proper legal theory, which is to award compensation based on the diability of the claimant, even though of a psychic nature if arising from the physical injury, and to place the burden of proof on the insurance carrier and not on the claimant. Additional evidence may be allowed by either side to aid the Board of Workmen's Compensation in reaching a proper and just conclusion.

*Judgment affirmed with direction. Townsend, P. J., Frankum and Jordan, JJ., concur.*