43245. BRADY v. ROYAL MANUFACTURING COMPANY.

ARGUED JANUARY 3, 1968—DECIDED FEBRUARY 23, 1968.

*J. William Pierce*, for appellant.
*Erwin, Birchmore & Epting, Denny C. Galis*, for appellee.

EBERHARDT, Judge. We cannot find any basis for holding that claimant suffered an "injury" resulting from "accident," as required by the Act, and we affirm.

While the result may not have been intended or expected, the occurrence out of which her condition arose, or out of which she asserts that it arose, was in no way accidental. She was called in to the office for the discussion; the discussion proceeded between her and her superior in an apparently normal manner; and until that had ended nothing untoward happened. There is testimony which would authorize a finding (and we must accept it, since the board found against the claim) that she actually returned to her work for some time after the interview had closed. Nothing happened to her on the job itself; she does not contend that it did.

The medical evidence does not indicate that she actually suffers from a paralyzed arm; on the contrary it indicates that she merely *thinks* it to be paralyzed and will not use or attempt to use it. It is a state of mind. The doctors find no physical evidence of or reason for the paralysis which she thinks exists. This may and probably does indicate that what claimant suffers from is some type of mental illness. While mental illness is as real as pneumonia, like pneumonia it is an illness. It is not an "injury" by "accident." See Industrial Commission v. O'Malley, 124 Ohio St. 401 (178 NE 842) (watchman suffering from high blood pressure became excited when police came up to inform him that a door had been left open, soon thereafter became ill and died of acute pulmonary edema); Schuster v. Perryman Elec. Co., 11 N. J. M. 16 (163 A 437) (cashier losing voice from fright when bandits held up and robbed place); Voss v. Prudential Ins. Co., 14 N. J. M. 791 (187 A 334) (stenographer suffering nervous breakdown when called an "idiot" by fellow worker), in none of which could the resulting condition be attributed to an "accident."

There are some cases from other jurisdictions coming to the contrary conclusion, the principal one relied upon by claimant being Charon's[1] Case, 321 Mass. 694 (75 NE2d 511), but it must

---

[1] Not to be confused with the Charon who ferried souls of the departed across the river Styx to the nether world.

be observed that the Massachusetts Act does not require that the injury result from accident.

The board has found that claimant did not suffer an injury by accident. That is a finding involving factual issues, and we should not disturb it. To do so we must conclude *as a matter of law* that she did suffer an injury by accident. That we cannot do. *Montgomery v. Maryland Cas. Co.*, 169 Ga. 746 (1) (151 SE 363); *Maryland Cas. Co. v. Sanders*, 182 Ga. 594 (186 SE 693); *Payton v. Fidelity & Cas. Co.*, 47 Ga. App. 747 (171 SE 392).

*Judgment affirmed. Bell, P. J., Jordan, P. J., Hall, Pannell, Deen, Quillian and Whitman, JJ., concur. Felton, C. J., dissents.*

FELTON, Chief Judge, dissenting. The board found as a fact that the claimant became emotionally upset after a dispute between the claimant and her superiors, as a result of which she was discharged after a service of over 20 years. (As a consequence of the upset, the board found that claimant developed a conversion reaction which resulted in the paralysis of her left arm.) The claimant's superiors requested the claimant to sign a statement to the effect that she was absent from work the Monday before without excuse; the claimant contended that she was not absent without permission because she was instructed not to report on Monday unless she was notified and that she was not notified. The board denied compensation for the reason that the paralysis of the arm was not preceded by a physical injury.

I think that the board too narrowly defined the word "accident." Neither the event nor the consequence was planned. An injury such as that suffered in this case causes as much industrial loss as does one *preceded* by a physical injury. The paralysis here is physical even though emotionally caused. Even in tort cases damages are awarded where fright or emotional disturbance results in physical disability or injury and it seems to comport with reason and justice to widen the base for recovery where the disability is required to be a result of an accident. 1A Larson's Workmen's Compensation, § 42:20; Hall v. Doremus, 114 N. J. L. 47 (175 A 369); Charon's Case, 321 Mass. 694 (75 NE2d 511); Burlington Mills Corporation v. Hagood, 177 Va. 204 (13 SE2d 291); 109 ALR Anno. p. 892; Miller v. Bingham County, 79 Idaho 87 (310 P 2d 1089); Geipe v. Collett,

172 Md. 165 (190 A 836). I certainly could not agree with the finding in an Ohio case which held that *death* produced by excitement only did not result from a physical injury. Industrial Commission v. O'Malley, 124 Ohio St. 401 (178 NE 842). The ruling in *Indemnity Ins. Co. of North America v. Loftis,* 103 Ga. App. 749 (120 SE2d 655) is not contrary to what I contend. As I interpret the board's finding, it did not hold that there was no physical disability but only that a compensable disability has to be preceded by a physical disability. I further think that the conduct of the officials of the employer was exceedingly unreasonable in requiring the employee to admit a fault which she denied when the requirement was wholly unnecessary to protect the company's right to control the employee's record as to absences without leave, when absence without leave only affected the extent of vacation periods.