## 51376. CITY COUNCIL OF AUGUSTA v. WILLIAMS.

CLARK, Judge.

In this workmen's compensation case, the employer, City Council of Augusta, appeals from the judgment of the superior court affirming the full board's award which granted compensation to claimant, a City of Augusta policeman.

Claimant suffered an acute myocardial infarction shortly after he went on duty on January 22, 1973. The evidence shows that claimant was under severe emotional stress at the time of his injury because (1) he was fearful of losing his job, (2) his beat was too large for one man, (3) he was required to ride alone in his patrol car because the Augusta Police Department was understaffed, (4) only three days previously he had been transferred from the morning shift to the night shift, and (5) he had been required to attend court that morning. At the hearing, a physician testified that claimant's work-connected emotional stress might or could have contributed to his heart attack. Does this evidence support the board's award granting compensation? Our answer is in the affirmative.

1. "In 1963 the legislature amended Code § 114-102 to provide that the terms 'injury' and 'personal injury'

shall not include 'heart disease, heart attack, the failure or occlusion of any of the coronary blood vessels, or thrombosis, unless it is shown by preponderance of competent and creditable evidence that it was attributable to the performance of the usual work of employment.' Ga. L. 1963, pp. 141, 142. Before the 1963 amendment the fact that disability or death stemmed from an accidental injury arising out of and in the course of employment had to be proved by some competent evidence and by a preponderance of the evidence; and under the rule that 'findings of fact supported by *any evidence* will not be disturbed by the courts on appeal, the finding . . . as to where the preponderance of the evidence lies . . . is necessarily not subject to review.' *Ocean Accident &c. Corp. v. Bates,* 104 Ga. App. 621, 622 (122 SE2d 305); *General Motors Corp. v. Pruitt,* 83 Ga. App. 620, 628 (64 SE2d 339). The above provision of the 1963 amendment did not change the law respecting the evidence necessary to prove that an accident arising out of and in the course of employment caused the disability or death." *Sears Roebuck & Co. v. Poole,* 112 Ga. App. 527, 528 (145 SE2d 615); *Brown Transport Corp. v. Blanchard,* 126 Ga. App. 333 (190 SE2d 625).

2. "The distinction between proximate and remote causes is not to be too rigorously pressed in the application of the workmen's compensation act. [Cits.]" *U. S. Cas. Co. v. Smith,* 162 Ga. 130, 137 (133 SE 851). Accord, *Thomas v. U. S. Cas. Co.,* 218 Ga. 493, 494 (128 SE2d 749). The physician's testimony that claimant's work-connected emotional stress might or could have contributed to his injury is sufficient to support the board's finding that claimant's injury arose out of and in the course of employment. *Sears Roebuck & Co. v. Poole,* 112 Ga. App. 527, supra; *Burson v. Howell,* 112 Ga. App. 675 (145 SE2d 718); *J. D. Jewell, Inc. v. Peck,* 116 Ga. App. 405 (157 SE2d 806). Emotionally initiated heart attacks constitute accidental injuries. *Travelers Ins. Co. v. Neal,* 124 Ga. App. 750, 751 (186 SE2d 346).

3. The superior court did not err in affirming the award of the full board.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED NOVEMBER 4, 1975 — DECIDED JANUARY 5, 1976.

*J. Samuel Choate, Jr.,* for appellant.
*Lanier, Powell, Cooper & Cooper, L. Valdi Cooper,* for appellee.