### 71648. HOWARD v. SUPERIOR CONTRACTORS.
(348 SE2d 563)

BEASLEY, Judge.

On December 19, 1982, Howard, an employee of Superior Contractors & Associates, was injured by a 225-foot fall from a tower at Three Mile Island. He received treatment and workers' compensation benefits and returned to work January 17, 1983. That summer he left Superior and took a job in Florida with Action Electric. He began experiencing emotional problems and consulted a mental health clinic in September. Howard testified that he could not cope "with life . . . with normal job pressures." (Besides his new job, he also entered his first marriage.) He related he had a "breakdown" and his parents drove down from Cobb County, picked him up and took him to Ridgeview Institute in Cobb where he was treated by a psychiatrist, Dr. Ehik. He was placed on Sinequan, an antidepressant and anxiety medication. Subsequently Howard continued to see Dr. Ehik on a weekly and biweekly basis. In June 1984 Howard filed for a change in condition. The medical report of Dr. Ehik which was received in evidence stated that Howard displayed "a great deal of hostility and depression"; that he has "a considerable amount of anxiety"; and that he "represents a post traumatic stress syndrome manifested by depression and anxiety." The report stated that while in the hospital Howard "continued to be under a great deal of stress."

After a hearing, the ALJ entered an award finding for Superior. The decision was based upon *ITT Continental Baking Co. v. Comes*, 165 Ga. App. 598 (302 SE2d 137) (1983), which found regarding a claimant who had originally had three fingers severed and thereafter suffered from "mild depression and a great deal of anxiety" that these conditions, while "debilitating, neither can reasonably be characterized as a mental or nervous disorder. They were instead entirely natu-

ral, albeit unfortunate, responses to any type of severe physical injury."

Howard appealed to the full board and requested remand to hear additional testimony under Board Rule 103 (c). A few days before the hearing, Howard filed an affidavit by Dr. Ehik which greatly expanded and detailed the post traumatic stress syndrome.

The board by a 2-to-1 vote found for Howard. Among the substituted findings were: "(b) The only diagnosis is post traumatic stress syndrome, which is different from depression and anxiety, even though in this claim the traumatic stress syndrome is manifested by same. (c) Human experience indicates that a fall of two hundred feet would cause problems, manifested by a traumatic stress syndrome, which is evidence of residuals sustained on December 19, 1982."

Superior appealed to the superior court which reversed the board. The court found that Dr. Ehik's affidavit was not timely submitted and thus could not be considered by the board or the court, citing Board Rule 103 (b) (2). The court then found: "Notwithstanding the label of post traumatic stress syndrome, there is simply nothing in the record before this Court to indicate that the depression and anxiety experienced by Mr. Howard were any different than the symptoms manifested by the claimant in *Comes*. These symptoms are the regrettable but natural responses to severe physical injury and such are not compensable. There is no evidence in the record to indicate the post traumatic syndrome is the distinct mental or nervous disorder of the type found compensable in *Baggett*[1] and *Summerous*.[2] In fact, Dr. Ehik in his letter of November 22, 1983 states that Howard shows no overt thought disorders and was not overtly psychotic. A claim cannot be moved from the non-compensable categeory to the compensable by merely attaching a label to a claimant's condition."

1. We granted discretionary review to consider the correctness of the ruling refusing to consider the psychiatrist's affidavit and whether the case fell within the rule of *Comes*, supra p. 598. On appeal Howard no longer relies upon his enumeration of error regarding the admissibility of the affidavit. Thus, we need only consider whether *Comes*, supra, controls the decision here. As Dr. Ehik described it, Howard "represents a post traumatic stress syndrome manifested by depression and anxiety." This disorder or syndrome involves re-experiencing a traumatic event such as rape or war. Longman's Dictionary of Psychology & Psychiatry (1984). Thus, it is causally related to a prior injury or trauma.

In *Comes*, supra, this court merely considered the two terms,

[1] *West Point Pepperell v. Baggett*, 139 Ga. App. 813 (229 SE2d 666) (1976).
[2] *General Motors Corp. v. Summerous*, 170 Ga. App. 338 (317 SE2d 318) (1984).

mild depression and anxiety as not constituting a mental or nervous disorder having compensable significance. Here the facts reveal an identifiable mental condition characterized and accompanied by depression and anxiety. The term "depression" ranges over a wide spectrum of human behavior from a relatively mild condition to a serious mental disorder, accompanied by suicidal propensities, described as psychotic depression. 15 Encyclopaedia Brittanica 176 (1974). We therefore conclude that this case is not within the bounds of *Comes.*

Our courts have recognized the compensability of emotional trauma resulting from an initial physical injury. *Sawyer v. Pacific Indem. Co.,* 141 Ga. App. 298, 301 (233 SE2d 227) (1977). Compare *Williams v. ARA Environmental Svcs.,* 175 Ga. App. 661, 662 (334 SE2d 192) (1985). Of crucial significance is that the psychic trauma must arise naturally and unavoidably from some discernible physical occurrence. *Hanson Buick v. Chatham,* 163 Ga. App. 127, 131 (292 SE2d 428) (1982).

Here Dr. Ehik's diagnosis in evidence did not establish the post traumatic stress syndrome arose from Howard's fall at Three Mile Island. However, Howard testified that he had problems reliving the fall; that after the fall he experienced difficulty in coping and an increase in sicknesses. A factfinder could consider this testimony as demonstrating that the post traumatic stress syndrome resulted from the fall. This evidence may be described as somewhat tenuous; nevertheless, this court applies the any evidence rule and we cannot say that there was no evidence to sustain the board's findings.

The trial court erred in reversing the board's determination of compensability.

2. The board's award of weekly benefits apparently for temporary total disability is unsustained by any evidence and thus erroneous. Indeed, the only evidence on the question was Howard's testimony that he is working regularly now. OCGA § 34-9-261.

3. The award of medical expenses is also not supported by competent evidence. OCGA § 34-9-201 permits a claimant to select his own physician (not on the "panel of physicians") due to an emergency but only while the emergency conditions exist or where there is no listed "panel of physicians" provided by an employer. While an emergency may have existed initially, there is no evidence that such status persisted beyond the original week of treatment by the psychiatrist Dr. Ehik. The proper procedure was for Howard to have petitioned the board for a change of physician. *K-Mart v. Anderson,* 166 Ga. App. 421, 423 (1) (304 SE2d 526) (1983).

Since the record is silent as to the existence or nonexistence of a "panel of physicians" and the board considered none of the factors above discussed in its imposition of medical expenses from the time of the psychic injury, the case is remanded with direction that the

issue of medical expenses be recommitted to the board for a determination in conformity with this opinion. OCGA § 34-9-105 (d).

*Judgment affirmed in part and reversed in part with direction. McMurray, P. J., Carley, Pope, and Benham, JJ., concur. Banke, C. J., Deen, P. J., Birdsong, P. J., and Sognier, J., dissent.*

DEEN, Presiding Judge, dissenting.

As pointed out in the majority opinion, "we need only consider whether *Comes*, supra [*ITT Continental Baking Co. v. Comes*, 165 Ga. App. 598 (302 SE2d 137) (1983)], controls the decision here." The ALJ based its findings upon this cited case, and this is the case relied upon by the superior court in its reversal of the full board, which had in turn reversed the ALJ. The *Comes* case is only a two-judge decision, and thus does not have precedential value. However, in the instant whole court case, this court has the opportunity to adopt the holding in *Comes*, which would in turn breathe life into it and give it precedential value. While the majority opinion cites Longman's Dictionary of Psychology & Psychiatry (1984) and 15 Encyclopaedia Brittanica 176 to bolster its position that an independent post traumatic stress syndrome has now occurred, nevertheless, I believe the trial court was correct in categorizing the particular, limited depression and anxiety here as a residual part of the narrow, normal and natural responses to reliving the memory of a traumatic 225-foot fall from a tower at Three Mile Island. The adoption by the whole court of the *Comes* principle would require affirming the trial court.

The majority also cites and relies upon *Sawyer v. Pacific Indem. Co.*, 141 Ga. App. 298, 301 (233 SE2d 227) (1977). In that particular case, the claimant had a deep preoccupation in the area of religion and homosexuality (relating to his interpretation of his feelings toward the younger boys in his charge). He claimed to be a child sent by God to spread love to the world. He further contended that from working two years as a group leader to help 16-to-18-year-old young boys through treatment and psychological rehabilitation, he became addicted to the treatment and acutely psychotic. It is my considered opinion that we went too far in that case in holding that there was a viable claim based on the possible triggering of psychological injury notwithstanding the absence of a physical impact. The impact from the vehicle accident there was irrelevant to our decision. See *Williams v. ARA Environmental Svcs.*, 175 Ga. App. 661, 662 (334 SE2d 192) (1985), and also *Brady v. Royal Mfg. Co.*, 117 Ga. App. 312 (160 SE2d 424) (1968). We should have followed the latter cited case, which held on page 314, that while mental illness "is as real as pneumonia, like pneumonia it is an *illness*. It is not an 'injury' by 'accident.' " (Emphasis supplied.) Having authored *Sawyer*, supra, I now propose that we declare *Sawyer* too extravagant and painted with too broad a

brush, and that we now reconsider and overrule it. "[W]e are faced with the alternative of eating crow or perpetuating the error. It is better to eat crow than to perpetuate an error. The crow is not rationed and the approval of conscience will more than compensate for the eating." *American Can Co. v. City of Tampa*, 14 S2d 203, 211 (Fla. 1943).

In summary, the whole court should (a) adopt the rule in *Comes*, (b) overrule *Sawyer* and (c) affirm the trial court.

I am authorized to state that Presiding Judge Birdsong and Judge Sognier join in this dissent. Chief Judge Banke concurs in the judgment only of this dissent.

DECIDED JULY 16, 1986 —
REHEARING DENIED JULY 31, 1986

*Meg Tysinger Hartin*, for appellant.
*Richard G. Farnsworth, John Williams*, for appellee.