A89A0286. W. W. FOWLER OIL COMPANY et al. v. HAMBY.

(385 SE2d 106)

Pope, Judge.

The issue presented in this workers' compensation appeal is whether the mere touching of the head of an employee with a gun by an armed robber, without any physical injury, is a sufficient discernible physical occurrence to support compensation for the resulting emotional and psychic problems experienced by the employee. The Administrative Law Judge (ALJ) and the Board found that it was not sufficient; the superior court found that it was and reversed the Board. We granted this discretionary appeal to consider the issue. The ALJ found the following facts:

"1. The claimant was working as a clerk at a convenience store owned by the employer/insurer in the early hours of August 9, 1986, when the establishment was robbed.

"2. The robber held a gun to the claimant's head and threatened her.

"3. There was an actual physical touching of the gun to the claimant's head just behind the ear, but she was not physically harmed in any way by this contact.

"4. Subsequent to the robbery, the claimant developed certain psychic problems, in that she became extremely nervous and was afraid to be alone. The claimant has never suffered any physical problem or injury as a result of the incident."

Claimant's theory is that her emotional and psychic problems stem not from the fright of the robbery as a whole, but rather from the act of the robber putting the gun against her head. Claimant argues that this touching is a sufficient discernible physical occurrence to meet the requirements of Georgia law as outlined in *Hanson Buick v. Chatham*, 163 Ga. App. 127 (292 SE2d 428) (1982). The superior court agreed and found that claimant's testimony that "[w]hen the gun hit my head, it . . . my nerves went all to pieces" showed a "discernible physical occurrence" from which claimant's psychological problems directly flowed.

We find that claimant and the superior court have mistaken our meaning in the phrase "discernible physical occurrence." The court's discussion of authorities in *Chatham*, supra, shows that "discernible physical occurrence" means a physical injury or harm, not merely a

touching that can be fixed in time. The cases relied upon by the court in *Chatham* are couched in terms of "physical injury." On motion for rehearing, the court explained that it defined "accident" in terms of "discernible physical occurrence" rather than in terms of a physical blow or impact to cover cases in which "the aggravation of a pre-existing injury is not truly accidental nor impactive, but is nevertheless physical . . . ." *Chatham* at 131.

The evidence supports the findings and award made by the ALJ and the Board. We are not persuaded to find differently by the decision cited to us by claimant, *Prahl Bros. v. Phillips*, 429 S2d 386 (Fla. Dist. Ct. App. 1983). See *Hanson Buick v. Chatham*, supra at 132 (5) and *Williams v. ARA Environmental &c.*, 175 Ga. App. 661 (334 SE2d 192) (1985) (particularly the concurring opinion by Beasley, J.).

Accordingly, we find that the superior court erred and that the award of the Board should be reinstated.

*Judgment reversed. Banke, P. J., and Sognier, J., concur.*

DECIDED JULY 11, 1989 —
REHEARING DENIED JULY 24, 1989 —

*Cone & Shivers, Benjamin J. Johnson*, for appellants.
*John F. Sweet*, for appellee.