## A95A0587. GEORGE v. SOUTHWIRE COMPANY.
(458 SE2d 362)

BEASLEY, Chief Judge.

George was employed by Southwire Company as a truck driver when he hit another vehicle which pulled in front of his truck after

running a stop sign. The driver of the other vehicle was found approximately 75 feet from the accident, and the female passenger was killed instantly. George observed her head coming into the grill of his truck. He was taken to the hospital and treated for a contusion to his right knee, injuries to his hip, and a bruised chest. He was put in the same room with the other driver, whose lung had collapsed, whose face was mangled, and who was gurgling and hollering for the deceased woman. George had to be removed from the room because he became so upset as a result of this.

After George returned to work, he asked for a couple of days off because his knee and hip were still bothering him and he needed to compose himself. When his supervisor asked him to drive again, he could not mentally make himself do it.

George's panel physician placed him on light-duty work and referred him to an orthopedist and psychiatrist. The orthopedist found that the accident aggravated prior problems with George's knee but released George from his care without any work restrictions on May 11, 1993, four days after the incident. He has been treated by the psychiatrist, who diagnosed George as suffering from post-traumatic stress disorder, since April 2. He testified it was primarily caused by what George saw during the accident but was intensified and prolonged by the knee injury, which acted as a recurrent reminder.

The ALJ found that the psychological problems stemming from the accident resulted in George's inability to perform any driving job and were caused by witnessing the events, not by specific physical trauma to George's knee. For this reason, the ALJ concluded that under *W. W. Fowler Oil Co. v. Hamby*, 192 Ga. App. 422 (385 SE2d 106) (1989), and *Hanson Buick v. Chatham*, 163 Ga. App. 127 (292 SE2d 428) (1982), George is not entitled to disability benefits after May 11. The appellate division of the board adopted the ALJ's award, and the superior court affirmed it. Permission was given to appeal. OCGA § 5-6-35 (a) (1).

The Workers' Compensation Act protects employees from "injury by accident arising out of and in the course of the employment." OCGA § 34-9-1 (4). The Act does not exclude psychological injury and, by its terms, contains no requirement that in order to be compensable a psychological injury must be the result of physical trauma. Nonetheless, the Court has not recognized that psychological injury precipitated by psychic trauma is compensable to the same extent as physical injury. *Chatham*, supra, 163 Ga. App. at 128.

However, in *Indemnity Ins. Co. of N. A. v. Loftis*, 103 Ga. App. 749, 751 (1) (120 SE2d 655) (1961), it was recognized that " '[t]he human body consists of bones, flesh, ligaments, and nerves, controlled by the brain' " and that " '[t]he law does not state which of these particular elements must produce the disability.' " Thus, "[i]f a disa-

bility exists, whether or not it is psychic or mental, if it is real and is brought on by the accident and injury, this being a humane law and liberally construed, it is nevertheless compensable.' " Id. Following the same theme in *Howard v. Superior Contractors*, 180 Ga. App. 68, 69 (1) (348 SE2d 563) (1986), post-traumatic stress syndrome resulting from an accidental on-the-job physical injury was held to be compensable.

In *Chatham*, the claimant had a history of psychological and psychiatric problems. After being terminated without warning for poor performance in his duties, he began suffering psychotic episodes and became disabled. There was evidence that these problems were in part due to events other than the unexpected loss of his job. The Court held that a disability which has neither its origin nor its effect in some discernible physical occurrence is not compensable under the Workers' Compensation Act. *Chatham*, supra. *Brady v. Royal Mfg. Co.*, 117 Ga. App. 312 (160 SE2d 424) (1968), and *Sawyer v. Pacific Indem. Co.*, 141 Ga. App. 298, 300 (2) (233 SE2d 227) (1977), were cited as precedent for denying compensation for psychic trauma precipitated by psychic stimuli. Id.

The cited cases, like *Chatham*, must be compared with the present one. The claimant in *Brady* became emotionally upset after a dispute with her superiors concerning a day of absence. As a consequence, she developed a conversion reaction which resulted in what she thought to be paralysis of her left arm.

The claimant in *Sawyer* suffered from a psychosis which began developing while he was a counselor at an institution for boys with social and behavioral problems. It was held that this did not qualify as an accident but might qualify as an occupational disease. *Sawyer*, supra at 301 (3). The Court noted that *Brady* was decided before the enactment of the occupational disease statute.

*Hamby* held that the mere touching of the head of an employee with a gun by an armed robber, without any physical injury, is an insufficient discernible physical occurrence to support compensation for the resulting emotional and psychic problems experienced by the employee.

Unlike *Hamby*, *Chatham*, *Sawyer*, or *Brady*, but like *Howard* and *Loftis*, claimant George's mental disability was brought on by a compensable accident in which he was physically injured. Although this physical injury is not the cause of his mental disability, it is part of the reason for its continuation. Under these circumstances, *Howard* and *Loftis* support a determination of compensability for psychic trauma precipitated by psychic stimuli. The other cited cases do not require a different result. The policy reasons for excluding such coverage, articulated in *Chatham*, supra at 129-130, do not pertain here.

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

DECIDED MAY 10, 1995 —
RECONSIDERATION DENIED JUNE 13, 1995 — 

*Charles H. Lumpkin, Jr.,* for appellant.
*Kenneth A. Smith,* for appellee.