S95G1507. SOUTHWIRE COMPANY v. GEORGE.
(470 SE2d 865)

THOMPSON, Justice.

We granted certiorari to the Court of Appeals in *George v. Southwire Co.*, 217 Ga. App. 586 (458 SE2d 362) (1995), and posed the following query:

Under the Workers' Compensation Act, is psychic trauma compensable when, while not precipitated by a physical in-

jury, it arose out of an accident in which a compensable physical injury contributes to the continuation of the psychic trauma?

While in the scope of his employment as a truck driver for Southwire Company, Denver George suffered injuries to his knee, hip, and chest when his tractor-trailer hit a passenger vehicle broadside after the other driver ran a stop sign. The driver of the other vehicle was thrown from the impact, and a female passenger was killed instantly. George observed the body of the decedent collide with the grill of his truck. He was placed in the same hospital emergency room with the other driver whose lung had collapsed, whose face was mangled, and who was gurgling and hollering for the deceased passenger. George became so upset that he had to be removed from the room.

Approximately two months later, George was released to return to full duty work by his treating orthopedist. He continued, however, to be treated by a psychiatrist who deposed that shortly after his knee injury claimant "began having recurrent nightmares, insomnia, flashbacks of the accident, and recurrent irritability and crying episodes, and could not get the picture of these people [sic] who were killed in the accident out of his mind." The psychiatrist concluded that George suffered post-traumatic stress disorder which may have been brought on or intensified by his knee injury.[1] This condition necessitated continuing psychiatric treatment and resulted in his inability to perform work as a truck driver.

The ALJ denied benefits to the claimant for psychiatric disability resulting from psychic trauma attendant to a compensable automobile accident, finding: "Although there is a definite need for psychological treatment . . . and his psychological problems have resulted in a disability from work, I find that his psychological problems were not precipitated by specific physical trauma to his knee, and that they were caused by the events of the accident which [he] witnessed." George was awarded temporary total disability benefits for the two months that he was physically unable to work, but no benefits thereafter, "even though he is disabled from working at Southwire or as a truck driver due to psychiatric problems . . . [because] [t]hese psychiatric problems resulting in disability therefrom do not arise from Mr. George's physical injury, but from the events he witnessed at the accident." The award was adopted by the full board and affirmed on

---

[1] "Posttraumatic Stress Disorder" is described in the Diagnostic & Statistical Manual of Mental Disorders (4th ed. 1994) as "the development of characteristic symptoms following exposure to an extreme traumatic stressor involving direct personal experience of an event that involves actual or threatened death or serious injury. . . ." At 424. It is manifested by "persistent symptoms of anxiety . . . that were not present before the trauma." Id. at 425.

appeal to the superior court.

The Court of Appeals granted discretionary review and reversed, holding that: "George's mental disability was brought on by a compensable accident in which he was physically injured. Although this physical injury is not the cause of his mental disability, it is part of the reason for its continuation." *George v. Southwire Co.*, supra at 588.

While this Court has not previously had occasion to examine the question of compensability for mental disability under the Workers' Compensation Act, it has long been the rule in this state that a psychological injury or disease is compensable if it arises " 'naturally and unavoidably' . . . from some discernible physical occurrence." *Hanson Buick v. Chatham*, 163 Ga. App. 127, 129 (292 SE2d 428) (1982). See also *Indemnity Ins. Co. v. Loftis*, 103 Ga. App. 749 (1) (120 SE2d 655) (1961) (a mental disability is compensable if brought on by an accident and physical injury); *Brady v. Royal Mfg. Co.*, 117 Ga. App. 312 (160 SE2d 424) (1968) (psychic disability must have its origin in injury); *Sawyer v. Pacific Indem. Co.*, 141 Ga. App. 298 (233 SE2d 227) (1977) (psychic disability resulting from physical injury is compensable); *Williams v. ARA Environmental Svcs.*, 175 Ga. App. 661 (334 SE2d 192) (1985) (psychic disability resulting from purely psychological injury is not compensable); *Howard v. Superior Contractors*, 180 Ga. App. 68 (348 SE2d 563) (1986) (post-traumatic stress syndrome arising from a physical injury is compensable); *W. W. Fowler Oil Co. v. Hamby*, 192 Ga. App. 422 (385 SE2d 106) (1989) (psychic trauma must arise naturally and unavoidably from some discernible, physical injury).

The claimant herein suffered a discernible physical "injury" as that term is defined in OCGA § 34-9-1 (4). In *George v. Southwire Co.*, supra, the Court of Appeals concluded that a mental disability is compensable under the Act where it was brought on by a compensable accident in which the claimant was physically injured, and the physical injury contributed to the continuation of the psychic trauma. We find this ruling and the precedent upon which it is based to be sound and consistent with the beneficent objective of the Act, which is to provide financial assistance for an injury arising out of and in the course of employment. See generally *Travelers Ins. Co. v. Southern Elec.*, 209 Ga. App. 718 (1) (434 SE2d 507) (1993). Accordingly, we hold that a claimant is entitled to benefits under the Workers' Compensation Act for mental disability and psychic treatment which, while not necessarily precipitated by a physical injury, arose out of an accident in which a compensable physical injury was sustained, and that injury contributes to the continuation of the psychic trauma. The physical injury need not be the precipitating cause of the psychic trauma; it is compensable if the physical injury contributes to the

continuation of the psychic trauma.

To the extent that the ALJ imposed a requirement that claimant's physical injury must be the precipitating cause of his psychological condition, an incorrect legal standard was applied. "[W]here an award is entered under an erroneous legal theory, it may be set aside, and the case remanded to the board for further findings." *Indemnity Ins. Co. v. Loftis*, 103 Ga. App., supra at 751. Accordingly, the Court of Appeals was correct in ruling that the award must be set aside under OCGA § 34-9-105 (c) (5). But in its further conclusion that, "[u]nder these circumstances, [George should be compensated] for psychic trauma precipitated by psychic stimuli," *George*, supra at 588, the Court of Appeals substituted itself as a factfinding body. Neither the superior court nor the appellate court has authority to do so. *South Ga. Timber Co. v. Petty*, 218 Ga. App. 497, 498 (462 SE2d 176) (1995). The case is remanded to the Court of Appeals with direction that the Board determine compensability for claimant's mental disability and attendant medical expenses under the standard set out herein.

*Judgment affirmed and case remanded with direction. All the Justices concur, except Benham, C. J., Fletcher, P. J., and Sears, J., who concur specially.*

FLETCHER, Presiding Justice, concurring specially.

We granted certiorari to clarify the proper standard for determining when psychic injury is compensable under the Workers' Compensation Act. Language in previous Court of Appeals cases has suggested, as the ALJ held in this case, that psychic trauma is compensable only if it arises directly from a compensable physical injury.[2] This standard essentially requires a proximate cause link between the physical and psychic injuries. The Court of Appeals in this case and in others, however, has held that a lesser causation standard is appropriate, and that psychic trauma is compensable when it arises out of an accident in which a compensable injury occurred and the compensable physical injury contributes to or aggravates the psychic trauma.[3] I believe this latter standard is more in keeping with the purpose of the Act to provide financial assistance for injuries arising during the course of employment.[4] Therefore, I would disapprove the cases that suggest a proximate causation requirement.

---

[2] See, e.g., *Hanson Buick v. Chatham*, 163 Ga. App. 127, 129 (292 SE2d 428) (1982) (psychic injury compensable only if it arises "naturally and unavoidably from some discernible occurrence"); *Indemnity Ins. Co. v. Loftis*, 103 Ga. App. 749, 752 (120 SE2d 655) (1961) (psychic disability compensable "if arising from the physical injury").

[3] See, e.g., *George v. Southwire Co.*, 217 Ga. App. 586 (458 SE2d 362) (1995); *Howard v. Superior Contractors*, 180 Ga. App. 68 (348 SE2d 563) (1986).

[4] *Slaten v. Travelers Ins. Co.*, 197 Ga. 1, 2 (28 SE2d 280) (1943).

Because the claimant's psychiatrist testified that the post-traumatic stress disorder was intensified and prolonged by the knee injury,[5] we need not reach the question of whether psychic trauma is compensable when preceded by no physical trauma.

SEARS, Justice, concurring specially.

The majority holds that "a claimant is entitled to benefits under the Workers' Compensation Act for mental disability and psychic treatment which, while not necessarily precipitated by a physical injury, arose out of an accident in which a compensable physical injury was sustained, and that injury contributes to the continuation of the psychic trauma," and remands the case for a determination whether George's claim is compensable under that standard.[6] Although I concur in the remand to determine the compensability of George's claim, I would adopt a different standard by which to make that determination. It is time for this Court to join the majority of courts that have freed the right to recover for a legitimate mental injury from the arbitrary requirement that that injury be accompanied by a physical injury. Chief Justice Benham persuasively championed just such a position in dissent while a judge on the Court of Appeals.[7] This Court should follow those leads in this case and adopt a rule permitting compensation under Georgia's Workers' Compensation Act for mental injuries resulting from mental causes or stimuli, regardless of whether there are accompanying physical injuries.

1. Our Workers' Compensation Act protects employees from "injury by accident arising out of and in the course of the employment."[8] It cannot reasonably be disputed that the term "injury" is broad enough to cover both physical and mental injuries. The definition of injury is as follows:

> [A]n act that damages, harms, or hurts: an unjust or undeserved infliction of suffering or harm; . . . hurt, damage, or loss sustained; . . . INJURY, HURT, DAMAGE, HARM, AND MISCHIEF mean in common the act or result of inflicting on a person or thing something that causes loss, pain, distress, or impairment. INJURY is the most comprehensive, applying to an act or result involving an impairment or destruction of right, health, freedom, soundness, or loss of something of value . . . [mental or emotional upset to the

---

[5] *George v. Southwire Co.*, 217 Ga. App. at 587.
[6] Majority opinion at 741.
[7] *Williams v. ARA Environmental Svcs.*, 175 Ga. App. 661, 664-668 (334 SE2d 192) (1985).
[8] OCGA § 34-9-1 (4).

body is just as truly an injury to the body as a bone fracture].[9]

In addition, in *Hennly v. Richardson*,[10] this Court held that "[t]he Worker's Compensation Act in Georgia is intended to have broad application so as to cover a wide variety of injuries and the pain and suffering incident to such injuries. *Southern Wire &c. v. Fowler*, 217 Ga. 727, 729 (124 SE2d 738) (1962)." Given the broad meaning of "injury," and given that the General Assembly could have easily limited compensation to physical or bodily injuries by modifying the word "injury" with either of those words, the term "injury" can only reasonably be interpreted under the plain meaning of the statute to include mental, as well as physical injuries. Indeed, Georgia cases precluding recovery for mental injuries caused by mental causes have not focused on the word "injury" but on the word "accident" to deny compensation in such cases.[11]

I conclude, however, that these cases have improperly limited the word "accident" to only those cases where there is a physical injury.[12] First, "accident" does not carry the certain meaning that a physical injury to a person has occurred.[13] That the term "accident" was not meant to limit the type of injury for which compensation could be sought, but merely to describe a type of event or occurrence or development that led to the injury, is demonstrated by the simple fact that the legislature used the term "injury" immediately preceding the word "accident," and thus must have intended "injury" to describe the result of the "accident" and, correspondingly, must not have intended the word "accident" to signify the type of injury necessary for recovery of compensation. Accordingly, although the word "accident" encompasses physical events, it does not require a physical impact on the person.

---

[9] Webster's Third New International Dictionary, Unabridged at 1164.

[10] 264 Ga. 355 (1) (444 SE2d 317) (1994).

[11] E.g., *Hanson Buick v. Chatham*, 163 Ga. App. 127, 131 (292 SE2d 428) (1982); *Brady v. Royal Mfg. Co.*, 117 Ga. 312, 314-315 (160 SE2d 424) (1968).

[12] See *W. W. Fowler Oil Co. v. Hamby*, 192 Ga. App. 422 (385 SE2d 106) (1989); *Hanson Buick*, 163 Ga. App. at 131.

[13] "Accident" has been defined in Webster's Third New International Dictionary, Unabridged at 11, as

an event or condition occurring by chance or arising from unknown or remote causes; lack of intention or necessity; an unforseen unplanned event or condition; a usu. sudden event or change occurring without intent or volition through carelessness, unawareness, ignorance, or a combination of causes and producing an unfortunate result; an unexpected happening causing loss or injury which is not due to any fault or misconduct on the part of the person injured but from the consequences of which he may be entitled to some legal relief.

Further, OCGA § 1-3-3 (2) states that the term accident "means an event which takes place without one's foresight or expectation or design."

A more problematic concern about the word "accident" is whether it means only physical events and occurrences or whether it also includes mental or emotional occurrences and events. I conclude that it should include the latter. For example, heart attacks that are induced by daily mental and emotional job stresses are physical injuries, but are not brought about by a physical occurrence or event. Such heart attacks, however, have been held to be accidental and compensable.[14] Because interpreting "accident" to require a physical, traumatic event leading to the "injury" (heart attack) would preclude compensation in such cases, the courts of this State have not required such an event for the heart attack to be compensable.[15] It thus would be inconsistent to require such a physical, traumatic event in cases of mental injury, for the term "accident" either encompasses mental and emotional stimuli or it does not; it cannot include them for one type of injury and not for another.

For similar reasons, I conclude that the word "accident" should not be interpreted to contain a limitation that the injury be caused by a single, traumatic physical or mental stimulus, but instead should be interpreted to include gradual physical and mental stimuli.[16]

Further, this broad interpretation of "accident" is consistent with prior interpretations of this Court and the Court of Appeals. For example, in *Helton v. Interstate Brands Corp.,*[17] the Court of Appeals stated that

> "The word 'accident,' as used in the act, includes every injury except diseases not naturally growing out of injuries arising out of and in the course of employment, [except] injuries caused by the wilful act of a third person directed against such employee for reasons personal to him, and [except] wilful misconduct on the part of the employee, and the act precludes action at common law or otherwise. [Cits.]" *Reid v. Lummus Cotton-Gin Co.,* 58 Ga. App. 184, 185 (197 SE 904) (1938).

And, as Chief Justice Benham recognized in *Williams v. ARA Environmental Svcs.*:

---

[14] *Travelers Ins. Co. v. Neal,* 124 Ga. App. 750, 751 (2) (186 SE2d 346) (1971); *City of Augusta v. Williams,* 137 Ga. App. 177, 178 (223 SE2d 227) (1976) ("[e]motionally initiated heart attacks constitute accidental injuries"); *Zippy Mart v. Fender,* 170 Ga. App. 617 (317 SE2d 575) (1984); *Reynolds Constr. Co. v. Reynolds,* 218 Ga. App. 23 (459 SE2d 612) (1995).

[15] *Neal,* 124 Ga. App. 750; *Williams,* 137 Ga. App. 177; *Zippy Mart,* 170 Ga. App. 617; *Reynolds,* 218 Ga. App. 23.

[16] See 1B Larson, The Law of Workmen's Compensation, § 42.23 (b) (1995).

[17] 155 Ga. App. 607, 608 (271 SE2d 739) (1980).

Even in a very early interpretation of the Workers' Compensation Act, the Supreme Court opined in *Lumbermen's Mut. Cas. Co. v. Griggs*, 190 Ga. 277 (9 SE2d 84) (1940), that the word "accident" was intended to have a broad meaning.

Likewise, this court has stated that "[a]n injury which arises out of and in the course of the employment, and which is not the result of the claimant's wilful misconduct or some other stated exception, is any injury 'by accident' under the terms of the act, although its immediate cause may be unknown [cit.], and although there was no physical impact or 'accident' in the ordinary non-technical sense of the word. [Cit.]" *Ideal Mut. Ins. Co. v. Ray*, 92 Ga. App. 273 (1) (88 SE2d 428) (1955). In heart attack cases, " '[a] physical impact is not a necessary prerequisite to an injury within the compensation act.' [Cit.]" (*Orkin Exterminating Co. v. Wright*, 92 Ga. App. 224, 225 (88 SE2d 205) (1955)); and on-the-job stress has been recognized as the determinative [causal] factor in both heart attack and heart disease cases. *City Council of Augusta v. Williams*, 137 Ga. App. 177 (223 SE2d 227) (1976); *Zippy Mart v. Fender*, 170 Ga. App. 617 (317 SE2d 575) (1984). Professor Larson's reasoning is in line with the Georgia heart attack cases when he states that "it is no longer realistic to draw a line between what is 'nervous' and what is 'physical' . . . Perhaps, in earlier years when much less was known about mental and nervous injuries and their relation to 'physical' symptoms and behavior, there was an excuse, on grounds of evidentiary difficulties, for ruling out recoveries based on such injuries, both in tort and in [Workers'] Compensation. But the excuse no longer exists." 1B Larson, § 42.23 (a), supra at 7-632.[18]

Considering the definitions of "injury" and "accident," and considering the direction given in the foregoing cases concerning the broad application to be given the Act in general and the word "accident" in particular, I conclude that there is no language in the Act that prevents this Court from holding that a mental injury occasioned by mental stimuli is compensable.

Further, to permit employees to recover for mental injuries from mental trauma is consistent with the purpose of the Act as expressed in OCGA § 34-9-23. That Code section provides as follows:

This chapter shall be liberally construed only for the

---

[18] 175 Ga. App. at 665-666.

purpose of bringing employers and employees within the provisions of this chapter and to provide protection for both. This chapter is intended to provide a complete and exclusive system and procedure for the resolution of disputes between employers and employees who are subject to this chapter concerning accidents and injuries arising out of and in the course of employment as defined by this chapter. The provisions of this chapter shall be construed and applied impartially to both employers and employees.

The Act thus directs that it should be liberally construed to provide compensation to employees so long as protection is also provided to employers. Both of these goals can easily be accomplished with regard to mental injuries brought on by mental trauma. I have already demonstrated that the terms of the Act, even using less than a liberal construction, are broad enough to provide protection to employees for such injuries, thus fulfilling part of the directive of § 34-9-23.

Can employers be adequately protected in such cases? Yes. First, by bringing employees within the Act for such injuries, employers are protected from tort actions for those injuries. Second, and perhaps more significantly, there is abundant precedent from across the country that should be adopted in Georgia and that will protect employers from spurious claims for mental injuries caused by mental stimuli. Chief Justice Benham set forth one such solution in *Williams*:

> The hallmark of our system of jurisprudence is its spirit of fairness and its ability to adjust to new situations. I can think of no greater need than the need to protect workers who form the backbone of our economic system. Therefore, we must view this matter with an eye toward progression rather than retrogression. The concern for abuse expressed in the excellent analysis in *Hanson Buick*[19] dissuades me from jerry-rigging a rule just to suit this particular case. We must develop a simple and easily understandable rule that is fair and appropriate but which does not lend itself to flagrant abuse. An overriding concern of the *Hanson Buick* case was the fear of malingerers being compensated for unfounded and manufactured psychological injuries. . . .
>
> What this dissent proposes is the adoption of the Wisconsin approach in *Swiss Colony v. Dept. of I.L.H.R.*, 72 Wis.2d 46 (240 NW2d 128) (1976), quoting from *School District v. I.L.H.R.*, 62 Wis.2d 370 (215 NW2d 373) (1974): "[I]n order for nontraumatically caused mental injury to be com-

---

[19] *Hanson Buick v. Chatham*, supra, 163 Ga. App. 127.

pensable in a [workers'] compensation case, the injury must have resulted from a situation of greater dimensions than the day-to-day mental stresses and tensions which all employees must experience."

Although I find the Wisconsin approach illustrative of the type of standard that can be used to curtail frivolous claims for mental injuries that result from mental stimuli, I would adopt a variant of that standard that has been adopted in Wyoming and Iowa. Under that standard, an employee may be compensated for a mental-mental injury if he "establishes that the mental injury 'was caused by workplace stress of greater magnitude than the day-to-day mental stresses experienced by other workers employed in the same or similar jobs,' regardless of their employer."[20] As the Iowa Supreme Court noted, there are three reasons for adopting the Wyoming standard. First, "[b]y comparing the stresses endured by similarly situated employees, the Wyoming standard provides the employees with compensation for legitimate work related injuries while at the same time limits the employers' liability to injuries caused by its industry."[21] Second, the Wyoming standard avoids confusion that has arisen over the meaning of the phrase "all employees" in the Wisconsin standard.[22] Third, states that have extended experience with mental-mental claims "are increasingly enacting statutes which require proof that the employee's stress is greater than that of similarly situated employees."[23]

Requiring that an employee prove that his mental injury was caused by stresses greater than those experienced by similarly situated employees would provide protection to employees for legitimate work-related, mental injuries while at the same time ensuring that employers are protected from frivolous claims for such injuries.[24] OCGA § 34-9-23.

Finally, the present case provides easy proof of why the physical injury requirement is but an arbitrary one that adds nothing to the protection of employers. Here, George witnessed tragic and horrifying events. He claims that he suffers a mental injury as a result. In combating this claim of mental injury, of what avail is it to Southwire that George suffered a knee injury? The physical injury provides no proof that George is suffering a mental injury and provides no assur-

---

[20] *Dunlavey v. Economy Fire &c. Co.*, 526 NW2d 845 (Iowa 1995) (quoting *Graves v. Utah Power &c. Co.*, 713 P2d 187, 193 (Wyo. 1986)).

[21] Id. at 857.

[22] Id. at 857-858.

[23] Id. at 858.

[24] Further, to the extent that a mental injury may in a given case be classified as a disease, see OCGA § 34-9-1 (4), this rule would ensure that the "disease . . . results naturally and unavoidably from the accident," id.

ance that George is not falsifying that injury. George, in fact, can falsify his mental claim with his knee injury just as easily as he could if he had suffered no such injury. The requirement of a physical injury acts to distract from the relevant proof of mental injury and to create the potential for legitimate mental injuries to go uncompensated, while providing no countervailing benefit to employers. It is time to cast aside this requirement.

2. In sum, the language and purposes of our Workers' Compensation Act lead inescapably to the conclusion that employees should have protection for mental injuries caused by mental stimuli. In adopting such a rule, we would join the majority of states in this country who provide such protection.[25] As Chief Justice Benham eloquently stated in *Williams*: "The life of the law has been dependent upon proper adherence to precedent; however, the quality of the law's life is jeopardized when the precedents run contrary to experience, reason, and fundamental fairness."[26] As the precedents that preclude compensation for mental-mental claims run contrary to experience, reason, and fundamental fairness, I would overrule them, and adopt a rule permitting recovery in those cases under the standard set forth in this special concurrence.

I am authorized to state that Chief Justice Benham joins in this special concurrence.

DECIDED JUNE 3, 1996.

*Kenneth A. Smith*, for appellant.
*Charles H. Lumpkin, Jr., Drew, Eckl & Farnham, John G. Blackmon, Jr., Marion M. Handley*, for appellee.
*Hamilton, Westby, Marshall & Antonowich, Andrew J. Hamil-*

---

[25] See, e.g., *Dunlavey*, 526 NW2d at 845; *Robinson's Case*, 623 NE2d 478 (Mass. 1993); *Todd v. Goostree*, 493 SW2d 411 (Mo. App. 1973); *Brock v. Industrial Comm.*, 486 P2d 207 (Ariz. App. 1971); *Owens v. Nat. Health Labs.*, 648 SW2d 829 (Ark. App. 1983); *Fox v. Alascom*, 718 P2d 977 (Alas. 1986); *Wolfe v. Sibley, Lindsay & Curr Co.*, 330 NE2d 603 (N.Y. 1975); *Baker v. Workmen's Compensation Appeals Bd.*, 96 Cal. Rptr. 279 (Cal. App. 1971); *Battista v. Chrysler Corp.*, 517 A2d 295 (Del. Super. Ct. 1986); *Royal State Nat. Ins. Co. v. Labor &c. Appeal Bd.*, 487 P2d 278 (Haw. 1971); *Pathfinder Co. v. Industrial Comm.*, 343 NE2d 913 (Ill. 1976); *Hansen v. Von Duprin, Inc.*, 496 NE2d 1348 (Ind. App. 1986), rev'd on other grounds, 507 NE2d 573 (1987); *Sargent v. Bd. of Ed.*, 433 A2d 1209 (Md. App. 1981); *Brown & Root Constr. Co. v. Duckworth*, 475 S2d 813 (Miss. 1985); *Stokes v. First Nat. Bank*, 377 SE2d 922 (S.C. App. 1988), aff'd, 410 SE2d 248 (1991); *Jose v. Equifax, Inc.*, 556 SW2d 82 (Tenn. 1977); *Bailey v. American Gen. Ins. Co.*, 279 SW2d 315 (Tex. 1955); *Burlington Mills Corp. v. Hagood*, 13 SE2d 291 (Va. 1941); *Consolidated Freightways v. Drake*, 678 P2d 874 (Wyo. 1984); 1B Larson, The Law of Workmen's Compensation, § 42.23 (1995).

[26] *Williams*, 175 Ga. App. at 667-668.